### W. S. Long, Adm'r, *v.* L. P. Duvall.

**Infants—Suing by Next Friend.**

An infant may sue by his next friend, but a stranger cannot sue for an infant merely by describing himself as next friend of the infant.

**Sales—Agreement to Pay in Services.**

Where a doctor purchased a horse, and it was agreed between the seller and the purchaser that the purchaser should pay for it in medical services to the seller, recovery cannot be had for the value of the horse until it is shown that the purchaser was given an opportunity to render the services and refused to do so.

**Limitation of Actions—Action on Account.**

Where ten years have elapsed since the sale of a horse and the institution of an action to recover the purchase-price, a plea of limitation is a bar to the action.

APPEAL FROM CLINTON CIRCUIT COURT.

January 20, 1874.

Opinion by Judge Lindsay:

This action is prosecuted by L. W. Duvall. The petition shows upon its face that the real party in interest is L. P. Duvall, who is not made a party. An infant may sue by his next friend, but a stranger can not undertake to enforce an infant's rights in court, by describing himself the next friend to the infant as is done in this case.

The action is founded upon the contract made by L. W. Duvall and D. W. T. Long, deceased. The undertaking of the latter was to "pay for or account for the horse with his medical services." It is alleged that he has not done so; but there is no allegation that he

was ever called on and refused to comply with his contract. No action for money can be maintained on a contract like this, until the obligor has had an opportunity to render the personal service contracted for, has been called on to render it, and refused to do so. It is true that the petition evidently shows that Dr. Long is now dead, and therefore that it is now impossible for him to render the contemplated services. It does not appear what length of time Long lived after this contract was made, but ten years elapsed after the sale of the house and before any steps were taken to collect the money. The plea of limitations presented an insurmountable bar to the action; for that reason instruction No. 5 asked by appellant should have been given.

Whilst it is true limitation does not run against an infant, it must be borne in mind that this action is prosecuted by an adult, the father of the infant, and upon a contract made with him.

Judgment reversed and cause remanded for a new trial upon principles consistent with this opinion.

*T. C. Winfrey, for appellant.*

*———, for appellee.*