## Cullins, et al. v. Williams, et al.

(Decided November 21, 1913).

## Appeal from Campbell Circuit Court.

1. Courts—County Court—Duties as to Juveniles—Jurisdiction.— Before the county judge can exercise the jurisdiction conferred upon him by Chapter 18, sections 331-d, 331-e, Kentucky Statutes, with respect to the control, care, or custody of neglected, dependent, or delinquent children, it is necessary that a petition in writing, setting forth the facts required by the statute to be therein stated, verified by adavit, be filed with the clerk of the county court by some "reputable person being a resident of the county." In the absence of such a petition, the county court is without jurisdiction to determine whether a child is a dependent juvenile in the meaning of the statute, or to make any order with respect to its custody.

2. Process—Issuance—Signature.—The statute requires the petition in a proceeding for the care and custody of juveniles to be filed with the clerk of the county court, but is silent as to who shall issue the summons; however, as it must be filed with the clerk, the inference should be indulged that he is the officer required to issue the summons, which must be signed by him.

3. Prohibition—Grounds.—The writ of prohibition may be issued by the circuit court against an inferior court, where the latter court is attempting to act out of its jurisdiction, or where the writ of prohibition is the only adequate remedy to which the party applying therefor can resort.

4. Infants—Dependent Child.—A child who is provided with a comfortable home, given proper moral training, and being educated, is not a dependent child within the meaning of the statute relating to the care and custody of juveniles.

5. Injunction—Equity—Infants.—Jurisdiction of courts of equity attaches from the very fact of the institution of an action or proceeding affecting the person or property of infants, and when such jurisdiction is invoked in the infant's behalf there are few, if any, inflexible rules of procedure. But, in all such cases, the care, interest and welfare of the child is the thing, above all others, to be kept in view.

HOWARD M. BENTON for appellants.

BAILEY & VEITH for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

At the instance of William Cullins, a resident of Saginaw, Michigan, the judge of the Campbell County Court issued the following summons against the appellee, Eva Williams:

"The Commonwealth of Kentucky:

"To the sheriff of Campbell County, or any officer authorized to serve this process. Greeting:

"We command you to summon Eva Williams before the Campbell County Court on August 7, 1913, at 10:30 o'clock a. m., to answer unto the petition of the Commonwealth of Kentucky, on relation of William Cullins, heretofore filed in the office of the clerk of said court, alleging that Alice Billy Cullins, now in the custody and control of the said Eva Williams, is a dependent child and that she then and there have said child in open court.

"And have you then and there this writ, with an endorsement thereon in what manner you shall have executed the same.

"Witness, Judge of the said court, this 6th day of August, ————.

"Judge, Juvenile Court."

The above summons, though without an official signature, was returned to the judge of the Campbell County Court, or his office, with this endorsement thereon, "The within summons came to hand on the 6th day of August, 1913, at 2 o'clock, p. m., and was executed on the 6th day of August, 1913, on Eva Williams by delivering a copy thereof to her. (Signed) May Healy, Assistant Probation Officer." The appellee, Eva Williams, appeared before the judge of the county court at the time specified in the summons and, upon her request, was allowed until the following day to secure a lawyer. She secured the services of a lawyer and with him appeared before the county judge on the succeeding day at the hour fixed by the judge. Appellee's lawyer informed the judge that he had not had time to look into the case, or to prepare her defense, and asked time for that purpose, whereupon, the judge stated that he would give him until the following morning to investigate the law of the case and prepare his client's defense; but, after adjournment and the departure of appellee's lawyer, the county judge signed a judgment prepared by the attorney of the appellant, William Cullins, dated the following day, and left it in his desk, with directions to his probation officer to have the judgment entered the following day, on which day the county judge was absent from his office in attendance upon a picnic in the county of Campbell, several miles distant from the city of Newport. The judgment awarded the custody of the infant,

Alice Billy Cullins, to the appellant, William Cullins, but was never entered of record.

Being advised by her attorney that the county court, in thus proceeding, was acting without jurisdiction, the apellee and her husband, by their petition filed in the Campbell Circuit Court, prayed and obtained temporary writs of prohibition and injunction, the former preventing the county judge from proceeding in the attempt to take from the custody of appellee, Eva Williams, the infant, Alice Billy Cullins, and the latter restraining the appellant, William Cullins, from interferring with her possession of the infant until there could be, in that court, a trial and determination of the rights of the parties. On the final hearing, the writ of prohibition asked against the county judge was formally granted and issued, and the injunction against the appellant, William Cullins, was perpetuated. From the judgment, entered in accordance with these rulings, both the county judge and William Cullins have appealed.

It appears from the averments of the petition that appellee, Eva Williams, obtained the custody of the infant, Alice Billy Cullins, under the following circumcumstances: In the year 1907, William Cullins and his wife, with their daughter, the child Alice, resided in the city of Indianapolis, Indiana. Though the former had shortly theretofore deserted his wife and child and had been required, by a court of competent jurisdiction, to pay for their support a certain sum of money annually, on June 2, 1907, he failed and refused to make the payment then due, to which they were entitled under the judgment, and did not thereafter contribute anything to their support. Thereafter, his deserted wife, who was in failing health and unable to support the child, delivered her to the appellee, Eva Williams, a sister of the mother, upon the condition that Eva would support, educate and rear the child, the mother agreeing, in consideration of Eva's promise so to support, educate and rear the child, that she would relinquish all claim to and control of her. Shortly after effecting this arrangement, the mother died.

Pursuant to this agreement, the appellee, Eva Williams, then and there took possession of the child and has ever since been properly maintaining, educating and rearing her, at her own expense and that of her husband and co-appellee, William Williams. They are the owners of a lot, containing a six room dwelling house, in the city

of Newport, which property is unincumbered and occupied by them as a home; they are also industrious and frugal, and the husband's earnings average $16.00 per week. The infant, Alice Billy Cullins, now six years of age, has continuously been well provided for by them, is now attending school in the city of Newport, and is comfortable and happy in her surroundings. William Cullins had not seen the child, Alice, since she was a helpless babe in her mother's arms, until about the first of August of this year.

The foregoing facts, stated in the petition, are not denied by answer or otherwise, either by the father or the county judge, and are, therefore, to be taken as true. An answer was filed to the petition by the county judge, but it merely set forth an attempted justification of the acts performed by him in the proceeding in his court looking to the removal of the infant from the custody of appellees and giving it to the father. No answer was filed by the appellant, William Cullins, though his appearance to the action was entered by motion made to dissolve the temporary restraining order, and, on the final hearing, by his resistance to the making of the injunction permanent.

The answer of the county judge alleges his jurisdiction under chapter 18, Kentucky Statutes, which enlarges the powers of the county courts of the State with respect to the care and control of certain juveniles, and gives it exclusive jurisdiction of all cases coming within the terms and provisions of the act; and that the proceeding with respect to the custody of the child, Alice Billy Cullins, was especially authorized by, and instituted pursuant to, the provisions of section 331-e of the statute; and further alleged that, in view of the exclusiveness of the county court's jurisdiction in the matter, the circuit court was without jurisdiction to interfere, by means of the writ of prohibition or otherwise, with the proceeding in the county court.

Obviously, this contention would be sound if the steps necessary to the county court's exercise of such jurisdiction had been taken in that court, but these necessary steps were not pursued. While it is true that both sections 331-d and 331-e of the statute confer upon the county court exclusive jurisdiction to make such orders as it may, in its discretion, deem necessary for the custody, care or correction of any neglected, dependent, or delinquent child in the county, such jurisdiction can be

acquired and exercised only in the manner prescribed by the statute.

The procedure by which such jurisdiction is acquired is substantially contained in subsection 2 of section 331-d, but in more elaborate terms in subsection 4 of section 331-e; the latter providing as follows: "Any reputable person being a resident of the county having knowledge of a child in the county who appears to be either neglected, dependent or delinquent, who is not an inmate of a State institution or any institution incorporated under the laws of the State of Kentucky for the care and correction of children, or any reform school or industrial school for juvenile offenders, *may file with the clerk of the county court a petition in writing, setting forth the facts verified by affidavit.* It shall be sufficient that the affidavit is upon information and belief. The petition shall set forth the name and residence of the parent or parents, if known, or if the name and residence is unknown to the petitioner: (a) the name and residence of the person having the custody, control or supervision of such child; or (b) if the child be illegitimate, the name of the mother of such illegitimate child; or if it allege that both parents, or that such mother is dead, then the name of the guardian, if any, of such child; (d) if no guardian of such child is known to the petitioner, then of some near relative, or that such is unknown to the petitioner. All persons named in said petition shall be notified of such proceeding as hereinafter provided.

"*Upon filing of the petition* a summons shall issue requiring the parent or parents, guardian or the person having custody, control or supervision of the child, or with whom the child may be, to appear with the child at a place and time stated in the summons, which time shall not be less than twenty-four hours after service. The parents of the child, if living, and their residence, if known, to the petitioner, or its legal guardian, if one there be, and his residence, if known to the petitioner, or if there be neither parent nor guardian, or if his or her residence be not known, then some near relative, if his residence be known to the petitioner, shall be notified of the proceedings, and in any case the judge may appoint some suitable person to act in behalf of the child. Summons and notice may be served by the sheriff, or by any officer authorized by law to serve a summons or warrant, or by any duly appointed probation officer, either by reading the same to the person or persons to

be served, or by delivering a copy thereof to such person or persons, or by leaving a copy thereof at his usual place of abode, if stated in the petition or known, with some person of his family of the age of ten years or upwards, and informing such person of the contents thereof. The return of such summons and notice, with the endorsement of service by the officer in accordance herewith shall be sufficient proof thereof. If the person summoned as herein provided, shall fail, without reasonable cause, to appear, and abide the order of the court or bring the child, he may be proceeded against as in case of contempt of court. In case the summons cannot be served, or the party fails to obey the same, and in any case when it shall be made to appear to the court by affidavit, which may be on information and belief, that such summons will be ineffectual to secure the presence of the child, a warrant may issue on the order of the court either against the parent or guardian or the person having the custody, control or supervision of the child, or with whom the child may be, or against the child itself or both. On return of the summons, or other process or on the appearance of the child with or without summons or other process in person before the court together with return of the service of notice, if there be any person notified, or upon the personal appearance or written consent to the proceedings of the person or persons, if any be notified, or as soon thereafter as may be, the court shall proceed to hear and dispose of the case in a summary manner, and all hearings shall so far as the same may lawfully be done, be had in chambers to the exclusion of the general public.''

We fail to find in the proceedings in the county court compliance with any essential requirement of the statute *supra.* Notwithstanding its mandatory provision to that effect, no person of the character therein prescribed, *filed with the clerk of the county court a petition in writing, setting forth the facts, verified by affidavit,* necessary to enable the county judge to exercise the jurisdiction conferred upon him. Indeed, such petition was not filed by any one, yet, the filing of such a petition is a condition precedent to the right of the county judge to take any step with respect to the control, care, or custody of a neglected, dependent, or delinquent child. He could not issue, or order to be issued, a summons against the appellee in the absence of such a petition, for the statute

provides, *"upon filing of the petition a summons shall issue."*

Moreover, the summons issued by the county judge did not contain his official signature or that of the clerk of his court. Although the statute is silent as to whether the summons shall be issued by the county judge or county clerk, we think its meaning is that it is to be issued by the clerk, with whom it requires the petition to be filed. In any event, it is a requirement of the law that the officer, who is charged with the duty of issuing the process, must attach to it his official signature.

If the filing of the petition is, as we hold, mandatory, the failure to file it prevented the county court from exercising the jurisdiction conferred by the statute, and the issuance and service of the summons, even if it had been signed by the county judge or county clerk, were invalid, and the unentered judgment, subsequently rendered, void. Under the circumstances, the county court had no more right or jurisdiction to interfere with the appellee, Eva Williams', custody of the child, Alice Billy Cullins, than would a circuit court to render a judgment in an ordinary or equitable action in the absence of a petition or summons. The case is not one in which the proceedings in the county court were merely irregular or erroneous, but one in which that court was without jurisdiction to act.

It cannot be claimed that the appellee, Eva Williams, waived the filing of a petition with the clerk of the county court. She was never legally summoned, or called upon to waive any of her rights or to make defense, and on the day the case was set for trial by the county judge there could have been no trial because of his absence.

Not only was the county court, for the reasons stated, without jurisdiction in the premises, but the judge thereof apparently made up his mind, in advance of the hearing of the case, to deprive appellee, Eva Williams, of the custody of the child, Alice Billy Cullins. This, we think, is shown by his acceptance of the judgment prepared by opposing counsel, which he endorsed with his approval on the day before the one he selected for the trial and left with the probation officer, with directions to have it entered on the day of the trial, when he expected to be absent; and this judgment would have been entered as directed, but for the intervention of the circuit court. These arbitrary acts of the county judge seemed to have

manifested an intention on his part to prejudge the case; for which reason, as well as because of his want of jurisdiction to proceed against the appellee, Eva Williams, and dispose of the custody of the child, Alice Billy Cullins, in the manner attempted, appellees were entitled to the writ of prohibition granted by the circuit court.

This writ is thus defined by section 479 of the Civil Code: "The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction." In numerous cases, this court has approved the granting of this writ by the circuit court, where the inferior tribunal was acting out of its jurisdiction. Arnold v. Shields, 5 Dana, 18; Pennington v. Woolfolk, 79 Ky., 13; N. N. & M. V. Co. v. McBrayer, 15 Rep., 379. In other cases, the granting of the writ has been approved, where there was no other adequate remedy. Clark County Court v. Warner, 116 Ky., 801; McCann v. City of Louisville, 23 Rep., 558. For a greater reason should the writ be granted by the circuit court where, as in the case at bar, it is made to appear that the judge of the county court will not grant the party applying for the writ a fair hearing; and that he has, in fact, in advance of said hearing, declared his intention to decide the case against her. Rush, &c. v. Denhardt, 138 Ky., 238.

It is not to be overlooked that the statute under consideration does not provide a right of appeal. This, as decided in Marlow v. Commonwealth, 142 Ky., 106, does not invalidate the statute, as the right of appeal is purely a matter of legislative discretion, but the fact that appellees could not avail themselves of that remedy makes it evident that the writ of prohibition is the only adequate remedy to which they could have resorted. It is true that, in the opinion in Marlow v. Commonwealth, supra, it is suggested that the party aggrieved by a judgment rendered under the provisions of this statute, may obtain relief by a habeas corpus proceeding, but it is not said that such remedy is exclusive.

While, in so far as the appellant, county judge, is concerned, it may not be proper for us to pass upon any question, the decision of which might have been solely in the discretion of the county court, had the proceedings instituted for the removal of the child from the custody of appellees conformed to the statute, yet, upon the issues raised in this case between the latter and the

appellant, William Cullins, it is not improper for us to say that Alice Billy Cullins is not a "dependent" child in the meaning of the statute, as claimed by him in the attempted county court proceedings; for the statute declares, "for the purposes of this act the words 'dependent child,' or 'neglected child' shall mean any male child seventeen years of age or under or any female child eighteen years of age or under, who is found begging, or receiving, or gathering alms (whether actually begging or under the pretext of selling or offering for sale anything) or being in any street, road or public place for the purpose of so begging, gathering or receiving alms; or is found singing or playing any musical instrument for gain upon the street or in any public place; or who is found wandering and not having any home or any settled place of abode or proper guardianship or visible means of sustenance; or who is found destitute, homeless or abandoned or dependent upon the public for support, or who has not proper parental care, or whose home by reason of neglect, cruelty or depravity on the part of his parents, guardian or other person in whose care it may be is an unfit place for such child; or who is found living in any house of illfame or with any vicious or disreputable person."

As has been previously remarked, the child admittedly has a comfortable home with the appellees, her foster parents, who are able and willing to provide for and educate her and are doing so as they promised her deceased mother. So it is patent, that as between appellees and William Cullins, the father of the child, the welfare and happiness of the latter require that she remain with appellees. For this reason the circuit court properly granted the permanent injunction restraining the father from interfering with appellees' custody and control of the child.

As said in Shallcross v. Shallcross, 135 Ky., 418, "In this State courts of equity are given practically exclusive jurisdiction over the person and property of infants, and the jurisdiction attaches from the very fact of the institution of an action or proceeding affecting the person or property of an infant, and at once makes him a ward of the court. When such jurisdiction is invoked in the infant's behalf, there are a few, if any, inflexible rules of procedure. Even section 2123, Kentucky Statutes, which gives to the parent of an infant

the right to apply by petition to a court of equity for the vacation or modification of a judgment with respect to the custody of the infant, rendered at a previous term, should not be so interpreted as to exclude any other remedy or course of procedure allowed under the rules of chancery, or that might be invoked or followed in a court of equity for such relief, unless the language of the statute sufficiently indicates that such was the legislative intent. On the contrary, it should, if such meaning can reasonably be given .its language, be construed as intended to add to the jurisdiction and power already possessed by courts of equity, or as affording an additional remedy to either divorced parent. At any rate we are unwilling to hold that the statute supra, ties, or was ever intended to tie, the chancellor's hand until its parent acts in the matter. Besides, the language of the statute is clear, and recognizes and emphasizes the paramount duty of the court, which is to look to the child's welfare regardless of both parents, or to quote from the statute, 'having in all such cases the care and custody and interest and welfare of children in view.' ''

The judgment of the circuit court both in the matter of issuing the writ of prohibition against the appellant, county judge, and perpetuating the injunction against the appellant, William Cullins, being in accord with the views we have herein expressed, is affirmed.