### Hampton v. Alcorn, et al.

(Decided March 16, 1926.)

## Appeal from Rockcastle Circuit Court.

1. Parent and Child—Surviving Parent is Given Right to Custody of a Child, Unless Shown to be Unsuited (Ky. Stats., Sections 2016, 2033).—In view of Ky. Stats., sections 2016, 2033, the surviving parent of a minor child is given right of its custody, unless he is shown to be unsuited to exercise that trust.

2. Parent and Child—Evidence Held Not to Show that Surviving Father was Unsuited to have Custody of His Minor Child (Ky. Stats., Sections 2016, 2033).—In controversy between maternal grandparents and surviving father of a child, notwithstanding evidence showed that the father was formerly unsuited for care and custody of children, evidencce held not to show that at time of trial he was unsuited to have the custody which Ky. Stats., sections 2016, 2033, give to the surviving parent.

C. C. WILLIAMS for appellant.

S. D. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This action involves the custody of Eddie Regis Hampton, son of appellant, Thurmie Hampton, and

grandson of appellees, W. W. J. Alcorn and wife. The lower court awarded the custody to the grandparents, and the father appeals.

Appellant has been married four times; his second venture being with Delora Alcorn, daughter of appellees. To this union two children were born, Regis, and a brother one year older. At the time of Regis' birth his parents were living in Oklahoma. Shortly thereafter Delora Hampton, with her two children returned to her father's home in Kentucky, and later instituted a divorce proceeding in which on the 16th of March, 1913, she was granted a divorce and the custody of her two children. She remained at her father's house for a time. It is intimated in the record that appellant stole the older child, but it does not appear how or when, and no emphasis is placed on this incident, but at any rate it seems that this son has lived with him in Oklahoma for some years. After procuring her divorce, Delora married again and she and her second husband took Regis into their home, where he remained until his mother's death in January, 1923. After the divorce proceedings, the appellant married a third time, and being divorced from this wife has again married, and is now living with his fourth wife. His family consists of his wife, eldest son, a son six years of age by his third wife and an infant daughter a few months old by his fourth wife. Upon the death of Delora appellant wrote a relative in Rockcastle county to send his boy to him. Upon receiving this information appellees carried Regis to their home and instituted a proceeding for his adoption under section 2071 of the statutes, making appellant a party defendant, and seeking constructive service upon him as a nonresident, but in so doing gave appellant's postoffice address as Tulsa, instead of Sapulpa, Oklahoma, and in that action they were granted an order of adoption and awarded the custody of Regis. In September following, appellant appeared and had that case redocketed, and filed motion to set the order aside for the reason of lack of notice to him, alleging that appellees knew his proper address, and intentionally gave the wrong address in the affidavit for a warning order. Amended pleadings were filed in this action by both parties, and a petition for a writ of *habeas corpus* filed by appellant. The court ordered the old divorce case redocketed and consolidated the actions, and after hearing the proof awarded the custody of the child to its grandparents, as above stated.

In addition to the uncontradicted facts as above stated, it appears that appellees are industrious, honorable people; that W. W. Alcorn is a minister and farmer; has been a member of the board of education, and is greatly interested in educational matters; he owns a small farm in Rockcastle county, Kentucky, which is said to be worth $2,500.00, and $500.00 of personal property; he has one other child about grown; both he and his wife are devoted to Regis and offer him a good Christian home in a rural neighborhood within one-half mile of a schoolhouse, where he attends school seven months in the year. They also introduced proof showing that appellant when in Kentucky was wild and reckless, of bad moral character and accused of petty misdemeanors; that he neglected Delora and the children during their married life, and did not contribute to the support of either subsequent to the divorce.

On the other hand appellant's evidence indicates that he has lived down his former reputation and developed into a good and substantial citizen; a number of witnesses at his present home, including ministers of the gospel and the cashier of a local bank, testifying without contradiction that he is now a good citizen; that both he and his wife are exemplary members of the church and that his associations are with the best class of people; that he takes a great interest in children and would do well by this son; that while not a landowner he rents Indian lands and has on hand ten head of horses, two automobiles, a number of cattle, all necessary farming implements, including tractors, disks, et cetera; his present crop consisting of 110 acres of cotton and corn; that he lives within two miles of a town of 2,000 people, in which is located a first class high school, to which he sends his older son. He states that he wants to raise his two sons together, and in this he is joined by his present wife, who is devoted to the older son; that he has a good home and intends to send both boys to the high school in the local town, and also to send them to college; he further claims that his first wife deserted him without cause, and the reason he did not seek this child earlier was that its custody was given to its mother, and he did not interfere until after her death.

The legal principles involved in actions of this character are clear enough, though it is sometimes difficult to apply the facts. At common law a father was primarily liable for the support and maintenance of his infant

children, and was given the paramount right to their custody, and such obligations and rights are recognized in section 2033, Kentucky Statutes. By a later act as appears in section 2016, Kentucky Statutes, provision is made for the joint custody of the parents with a right of custody in the survivor, if the latter is suited to the trust. The later statute shows a tendency to regard the interest of the child rather than that of the parents, yet the surviving parent is given right of custody, unless he is shown to be unsuited to exercise that trust. Mason v. Williams, 165 Ky. 331; Stapleton v. Poynter, 111 Ky. 264; Walker v. Crockett, 194 Ky. 531; Scott v. Kirkpatrick, 205 Ky. 700; Rallihan v. Motschmann, 179 Ky. 180; and in the case last cited the same principle is applied to a nonresident father seeking the custody of his child. It may be said that the evidence shows appellant was formerly unsuited for the care and custody of children, and if this were all it might be presumed that his disposition and temperament remain unchanged, but even an evil man may recognize the error of his ways, reform and make amends for past misconduct, and the evidence here without contradiction shows that appellant is now a lawabiding, honorable citizen, enjoying the respect and confidence of his community and endorsed by his neighbors and acquaintances as being a suitable person to have the custody and control of his child; he is further shown to be financially able to give him such education and training as will prepare him for the battle of life.

As opposed to this it is urged that while there is no evidence of improper conduct on his part during the last ten years, that his frequent marriages indicate an unsettled disposition, and that his failure to contribute to Regis' support, during that period constitutes unfilial conduct. During most of that period Regis was living with his stepfather. According to appellant he was not permitted to visit him, though he states that his eldest son corresponded with his mother. We cannot say that this negatives the natural affection he claims to have for his child, or is sufficient to show that he is now unsuited to the trust which the statute gives to the surviving parent, and which under these facts must control.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.