## Kash et al. v. Kash's Guardian et al.

(Decided June 11, 1935.)

MAMIE McCANN for appellants.

C. F. KELLY, WM. L. WALLACE and HUNT & BUSH for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant Anna Bell Jackson, styling herself as next friend of Robert M. Kash, an infant, filed this suit against Eldon S. Dummit as his statutory guard-

ian and individually, the surety on his bond and certain other parties, charging a dissipation of the ward's estate and other derelictions in duty, principally to the effect that the guardian had made improvident loans for his own advantage to the other defendants, and that the bank, as depository of the funds, was charged with negligence and a failure to protect the funds of the infant from such improvidence. Included in these several allegations is one, in substance, that a loan of $3,-300 was made to the plaintiff herself with which to purchase certain property from the guardian individually. Concerning this transaction, there was pending some litigation between them, apparently a foreclosure suit.

The guardian filed an answer by way of a special demurrer, charging that the plaintiff had no authority or legal capacity to bring or maintain the suit. In support of the pleading, the affidavits of Robert M. Kash, his mother, brother and sister, are filed. These show that Anna Bell Jackson is a colored woman who was not known to any of the affiants until the filing of this suit, and, further, that its institution was not authorized and its maintenance not desired. Robert M. Kash was at the time nearly eighteen years of age. Neither he nor any member of the family had been consulted in the matter. The bank's answer was to the same effect, with the further allegation that plaintiff, in her individual litigation with the guardian, was endeavoring to have it adjudged that she was not indebted to the ward's estate on the note and mortgage upon which she had been sued. Motions were made by the several defendants to dismiss the petition. After a hearing, the court sustained the motions. The appeal is prosecuted from that order by Anna Bell Jackson under the same style in which she had sued.

The appellant's brief is a learned discourse upon numerous propositions of law which have no bearing whatsoever on the issue. We quite agree that a case may not be proved upon ex parte affidavits, but this was not a trial of the case on the merits or demerits. It was the trial of motions to dismiss the petition because of lack of authority, and upon such the affidavits were properly considered. Section 547, Civil Code Prac.

Originally a person could not act as next friend unless appointed by the court. One deeming it well that an infant's rights should be protected in this manner

went before a judge in chambers, or presented a petition to the court in behalf of the infant, in which the nature of the action was disclosed under oath, and asked that he be assigned as a prochein ami. If the prayer was sustained, an order was entered admitting the person designated to sue in that capacity. Guild v. Cranston, 8 Cush. (62 Mass.) 506. Our Code provides that one filing suit in that relationship must file an affidavit showing his right to do so. Section 37, Civil Code Prac. The next friend is regarded as an agent or officer of the court, of the nature of a guardian ad litem, to represent the interest of the infant in the litigation. 31 C. J. 1118, 1126. The infant himself is the plaintiff. Lambert v. Corbin, 194 Ky. 373, 239 S. W. 453. Section 2023 of the Kentucky Statutes provides that for an act or an omission on the part of a guardian "with the assent of the county court or of a court of chancery any one may sue thereon as next friend of the ward before he has attained full age."

Many of the various disabilities and privileges of an infant decrease with increasing age until majority. An infant in arms could not be expected to have any say as to who should stand for him as next friend in an endeavor to protect his interests against his guardian. But in the matter of choosing his legal representative, our statutes provide that after a minor reaches the age of fourteen years, his wishes are to be regarded. Section 2022, Ky. Statutes. If he is sued, process must be served on him if he is over fourteen years of age. Taylor v. Taylor's Guardian, 149 Ky. 707, 149 S. W. 1000, Ann. Cas. 1914B, 275. In the instant case it was shown to the court that this minor of mature years, grown in stature and wisdom, together with his natural guardians, denied any right or authority of a mere interloper to speak for him. We have several times declared that a stranger should not be permitted to assume to represent an infant as a next friend against the wishes of himself and his natural guardian. Long, Adm'r, v. Duvall, 7 Ky. Op. 453; Bustard v. Gates, 4 Dana (34 Ky.) 429; Anderson v. Anderson, 11 Bush. (74 Ky.) 327; Robinson v. Talbot, 78 S. W. 1108, 25 Ky. Law Rep. 1914; Metzger Bros. v. Watson's Guardian, 251 Ky. 446, 65 S. W. (2d) 460. The court, therefore, properly dismissed the petition.

Judgment affirmed.