## Addison v. Allen.

Feb. 19, 1943.

Earl B. Rose for appellant.

George Hogan for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and petitioner below, James Allen, and Laudlia Carroll Addison, were married in April, 1941, in Lee County, where each of them resided. The parents of the two lived in or near Heidelberg in the same county. At the time of the marriage petitioner was slightly less than twenty years of age, while his bride was two years his senior. They resided thereafter on a farm of 75 acres owned by his father and located across the Kentucky river from Heidelberg, on which petitioner cultivated the land of his father in 1941 and raised a crop, which it appears he repeated in the year 1942. In the meantime the husband of his sister, and two of his brothers, obtained employment in some kind of work in Richmond, Indiana, to which place they moved from Lee county, at least temporarily. Perhaps through them petitioner obtained employment in the same city at wages averaging for overtime of nearly $25 per week. He went to Richmond from his home in Lee county in July, 1942, and worked there at his employment until the early part of December of the same year.

Before accepting employment at Richmond, Indiana, and while petitioner was living on his father's farm, a girl child was born of the marriage, who at the time of

the trial of this action was 14 months old. The wife of petitioner did not go to Richmond at the time her husband did, but followed him shortly thereafter, when they began housekeeping in an apartment which the husband had rented. The young wife in the meantime became afflicted with tuberculosis, and by the first part of December, 1942, the ravages of that disease had advanced to the stage for which there was no cure. Both petitioner and his wife were so advised by physicians at their newly acquired home, and they were also advised that the afflicted wife would have to be put in a sanitarium, which, we gather from the evidence, was a public one in Richmond, maintained for that purpose. At any rate, the patient was unwilling to go there, but instead she desired to go back to the home of her parents in Lee county. Pursuant therto she and her husband left Richmond and when they arrived in Heidelberg they spent the first night at the home of his parents, from which the afflicted wife was removed the next day to the home of her parents in the same vicinity, where she lingered for about one month and died on January 7, 1943.

When the wife went to the home of her parents she, of course, carried her infant daughter with her, and they remained together until the mother's death. During the same period petitioner stayed at the home of his parents, but visited his wife, until he became disabled to do so because of an attack of pneumonia, which prevented him from attending his wife's funeral. As soon as he became able after recovering from such attack he demanded of his wife's father—the appellant and respondent below, Albert Addison—the possession of his infant daughter, which was refused, and this habeas corpus proceeding by appellee was filed in the Lee county court against appellant by which appellee sought to recover the possession of his child.

The response of appellant admitted the detention of the child, but attempted to justify it upon the two grounds (1) that petitioner was unfit and unsuited to have the care and custody of his child, and that respondent did possess such qualifications, and (2) that the deceased mother of the child some few days before her death attempted to bequeath it to respondent, its maternal grandfather. At the trial, after evidence heard, the court adjudged petitioner the custody of his child, and from that judgment respondent prosecutes this appeal. The two

interposed defenses will be disposed of in the order named.

1. The testimony heard at the trial failed altogether to sustain ground (1), save and except it was proven that petitioner possessed no property, except personal belongings, either real estate or personalty. It, however, proved that he was sober, and no proof was introduced to establish any bad habit and that he was physically stout and both able and willing to work. Respondent proved he possessed a small cottage-like home in Heidelberg and owned twenty acres of land, as well as operating a grist mill of some sort, the capacity and kind of which not being disclosed. It was also proven without contradiction that petitioner's father lived in a larger home in Heidelberg and owned seventy-five acres of land located as we have stated, with domestic animals for cultivating it, and a cow for producing milk for the family.

Petitioner testified that it was his intention and purpose after obtaining possession of his child—should it be adjudged to him—to first take it to Richmond, Indiana, where his employment continued open to him (as shown by a letter from his employer) and have it examined by the proper methods to discover if it possessed tuberculosis germs inherited from its mother; that during such period his married sister in Richmond would take care of the child until he could provide other means for that purpose. He also stated that until some permanent and satisfactory arrangement could be made he most probably would permit his parents to have the actual custody of his child during such period. The testimony we have related constitutes substantially the entire proof heard at the trial, and it is obvious that it utterly failed to sustain defense (1) and the court properly rejected it.

2. Defense (2) is likewise entirely without merit. In the case of Mason v. Williams, 165 Ky. 331, 176 S. W. 1171, 1172, the direct question was presented to this court as to the right of one parent (mother in that case the same as in this one) to give or to will the custody of their child to a person other than its surviving parent so as to deprive the latter of that right. In determining it we said: "There is no law in this state giving one parent the right to give or will their child to another person so as to deprive the other parent of his or her rights of parentage." A great many authorities are cited in-

cluding the case of Stapleton v. Poynter, 111 Ky. 264, 62 S. W. 730, 53 L. R. A. 784, 98 Am. St. Rep. 411, and the opinion concluded by saying: "A father could regain possession of his infant child, upon habeas corpus, where it had been given to grandparents, or other near relatives." That settled principle of the law has been continuously followed, and without dissent, in many cases since the rendition of that opinion.

Section 2016 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes (387.040 of KRS) expressly enacts the prima facie right of a surviving parent to the custody, nurture and possession of his or her infant child, provided he or she is suited to the discharge of the trust. Wrapped up in the proviso of suitability to discharge the trust, other facts and circumstances bearing upon the welfare, as well as happiness of the child, are given prominence. So that, as has been said in a number of domestic cases (some of which are incorporated below) each case must depend upon its own facts, but no case has said that the mere absence of property owned by the parent seeking the possession of his or her child is sufficient to overcome the prima facie right given by the section of the statute supra; provided such parent possesses physical ability, and determination to make provision for the nurture and welfare of the child.

None of such obstructions to petitioner's right to the custody of his child herein was even remotely established by any testimony heard at the trial, and there is nothing to prevent the operation of the statute in his favor. Of the many cases, in addition to those cited supra, dealing with the questions affecting the right of a parent to the custody of his or her infant child were before this court in the cases of Ridgeway v. Walter, 281 Ky. 140, 133 S. W. (2d) 748; Johnson v. Cook, 274 Ky. 841, 120 S. W. (2d) 675; Rallihan v. Motschmann, 179 Ky. 180, 200 S. W. 358; Walker v. Crockett, 194 Ky. 531, 240 S. W. 35; Scott v. Kirtpatrick, 205 Ky. 700, 266 S. W. 390; Hampton v. Alcorn, 213 Ky. 599, 281 S. W. 540; Moore et ux. v. Smith, 228 Ky. 286, 14 S. W. (2d) 1072; Baker v. Coleman, 229 Ky. 473, 17 S. W. (2d) 417; Cummins v. Bird, 230 Ky. 296, 19 S. W. (2d) 959; Thompson v. Childers, 231 Ky. 179, 21 S. W. (2d) 247; Matlock v. Elam, 262 Ky. 631, 90 S. W. (2d) 1015; Bedford v. Hamilton, 153 Ky. 429, 155 S. W. 1128, and Strangway v. Allen, 194 Ky. 681, 240 S. W. 384. It will, therefore, be

:seen that each of the defenses is entirely insufficient to justify respondent's detention of petitioner's child, and the court properly so adjudged.

Wherefore, the judgment is affirmed.