## Rosenberg v. Green et al. (two cases).

May 25, 1945.

Joseph M. Hayse and Nellie S. Hayse for appellant.

Joseph J. Kaplan for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

On February 20, 1945, Clara Hoffman Rosenberg, individually and as next friend of Irvin and Irma Fay Green, 8 and 6 years old respectively, filed two petitions in the chancery branch of the Jefferson Circuit Court against Jack Baer Green and his divorced wife, Minnie, The Jewish Welfare Federation and The Jewish Children's Home, by which she sought to obtain the custody of the divorced couple's two above mentioned children.

One petition asked for a writ of habeas corpus and the other was filed in equity, which not only asked the custody of the children but also sought an injunction prohibiting appellees from removing them from the jurisdiction of the court. In each case appellees filed a pleading styled "plea in abatement" to which appellant demurred. Upon the demurrers being overruled appellant declined to plead further, both petitions were dismissed and she appeals. The two appeals were heard together and both will be disposed of in this opinion.

In neither petition did appellant, Mrs. Rosenberg, state her relationship to the children, nor did she state any prima facie legal right in herself to their custody nor

did she allege that the children were not in good hands or were being neglected. Each petition averred in substance that there was mutual devotion between Mrs. Rosenberg and the children, that they had spent most of their lives in her home and that she had nurtured, cared for and practically supported them from their birth. That the parents of the children had been estranged and that their mother was not capable of deciding what was best for their interest and that their father had unduly influenced their mother to put them in the Jewish Children's Home in Cleveland, Ohio, to avoid the obligation of supporting his offspring.

The "pleas in abatement", which the chancellor construed as answers, are practically identical. They aver that appellant is the maternal stepgrandmother of the infants, is not related to them by blood, is not their next friend and has no capacity to bring these actions. It is further averred that the chancery branch of the Jefferson Circuit Court in 1939 granted the mother a divorce from bed and board and gave the custody of these children to her, which order has never been modified and that she is now their legal custodian.

Over appellant's objection the chancellor permitted appellees to file the affidavit of Mrs. Clara M. White, Probation Officer for the Jefferson County Juvenile Court, wherein she stated that in her official capacity she had known all the parties to this litigation since 1938; that appellant is not the true next friend of the infants; that Mrs. Green is subject to the detrimental influence and will of appellant, her stepmother, who is illiterate, emotionally unstable and is not the proper person to have the custody of these children; that as a result of solicitation on the part of local authorities Mrs. Green, who is not well, had agreed to put the children in the Jewish Children's Home in Cleveland, Ohio, an outstanding institution, until she regained her health at the home of an uncle.

We cannot agree with appellant that under sec. 547 of the Civil Code of Practice the court erred in allowing Mrs. White's affidavit to be filed. This was not a trial on merits, but the cases were before the chancellor on the question of whether Mrs. Rosenberg had the legal authority to maintain the actions, and as was held in Kash v. Kash's Guardian, 260 Ky. 377, 85 S. W. 2d 866, it was

proper for the affidavit to be considered on that question. An attempt is made to distinguish the Kash case from the instant one on the facts, but we fail to grasp the distinction. While Mrs. Rosenberg's moral attitude is commendable, her legal position is no different from the woman who called herself next friend in the Kash case.

Appellant insists that appellees should not have been permitted to file "pleas in abatement", arguing that such pleas have been abolished by the Code and cite Scottish Union & Nat. Ins. Co. v. Strain, 70 S. W. 274, 24 Ky. Law Rep. 958. The order filing recites that these pleas will be considered as answers and motions to dismiss. The court not only treated them as answers but appellant did likewise since the demurrers recite "the 'plea in abatement' does not state facts sufficient to constitute or support a defense to the petition." In so treating these pleas the court did not err because the name or style given a pleading is not controlling, but its character is determined by its averments (except under subsection 4, sec. 97 of the Civil Code of Practice which has no application here); Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979; Crawley v. Mackey, 283 Ky. 717, 143 S. W. 2d 171.

In Rebecca Thomas v. Myrtle Sprinkles, 299 Ky. 839, 187 S. W. 2d 738, relying on 25 Am. Jur. secs. 79 and 80, pages 104-106, we decided that a petition for a writ of habeas corpus could not be maintained by "one devoid of legal or natural right against a parent whose superior natural right of custody has not been legally terminated or voluntarily surrendered." This seems to be the rule in other jurisdictions as is shown by such opinions as Brown v. Robertson, 76 S. C. 151, 56 S. E. 786, 9 L. R. A., N. S., 1173; In re Poole 2 MacArthur 583, 9 D. C. 583, 29 Am. Rep. 628; In re Stuart, 138 Wash. 59, 244 P. 116.

Nor can appellant, who is a stranger in blood to these children, merely by referring to herself as "next friend" maintain the equitable suit for their custody against the wishes of their mother, who had been given their custody by court decree, without alleging that appellant has a prima facie legal right to the custody of the children. Long, Adm'r. v. Duvall, 7 Ky. Op. 453; Robinson v. Talbott, 78 S. W. 1108, 25 Ky. Law Rep. 1914. The general rule appears to be that the existence

of adverse interests which are likely to raise antagonisms or opposite purposes in the proceedings constitute sufficient grounds for the disqualification of one acting as next friend of an infant, who otherwise might be qualified. 27 Am. Jur. sec. 123, p. 845. See annotations 118 A. L. R. 408.

If infants are being abused, mistreated or subjected to unwholesome influences or conditions by their parents or others having them in charge, KRS 199.050 provides that any reputable resident of the county having knowledge of such children in the county may file a verified petition with the county clerk setting forth such facts and have the juvenile court determine who is entitled to the custody of the infants, Cullins v. Williams, 156 Ky. 57, 160 S. W. 733; Strangway v. Allen, 194 Ky. 681, 240 S. W. 384.

Appellant cites such authorities as 3 Pomeroy's Equity Jurisprudence, 4th Ed. sec. 1307, p. 3144; Ridgeway v. Walter, 281 Ky. 140, 133 S. W. 2d 748; Johnson v. Cook, 274 Ky. 841, 120 S. W. 2d 675; Walker v. Crockett, 194 Ky. 531, 240 S. W. 35, in support of her position that she has the legal authority to maintain the actions as next friend of these infants. We cannot consume the space necessary to distinguish these cases from the instant one and it will have to suffice to say that they are not in point, as in none of them did an utter stranger purporting to act as next friend attempt to take children of tender years from their parents. Much is said in those opinions as to the delicate jurisdiction of courts in dealing with the custody of very young infants and that the polestar guiding courts is the welfare of the children and if the occasion arises, they will be taken from the jurisdiction of the parents. With this we are in full accord, but none of these authorities have permitted a stranger in blood to maintain an action against a parent without averring a prima facie legal right to the custody of the child, or else alleging that the child has been subjected to mistreatment, neglect or detrimental influences by the parent.

The judgments are affirmed.