## Estridge v. Taylor.
## Taylor v. Estridge.

June 17, 1949.

Sampson & Sampson and James Sampson for Estridge.

Joseph K. Beasley for Bessie Taylor.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This is another of the distressing fights for the care and custody of infant children.

John Estridge, appellant in one of the consolidated cases, appellee in the other, and Louise Estridge were married in 1939. Two children, Linda Sue, and John Estridge, Jr., were born to this union. In 1945, Louise, mother of the children, died. The father, John Estridge, left the children with the maternal grandmother, Mrs. Bessie Taylor, where they have remained until the time of these actions, excepting the elder child, Linda Sue, who is now past 8 years of age, has been living with her father for a few weeks prior to the action.

Mrs. Taylor, alleging that the children had been left with her under a contract, and that the father, without right, came to her home a few weeks before this action and took Linda Sue to his home, sought a writ of habeas corpus and asked the court to adjudge her to be entitled to the custody and care of the infant. Two days afterwards John Estridge filed his petition for writ of habeas corpus against Bessie Taylor asking that she be required to produce the body of John Estridge, Jr., and asked that he be adjudged to be entitled to the care and custody of John Estridge, Jr.

Responses to each of the petitions for writ of habeas corpus were filed by the respective defendants. The cases were consolidated and heard in open court before Special Judge Joe S. Feather, presiding as Judge of the Harlan Circuit Court. The court adjudged that the two children remain with the maternal grandmother,

Bessie Taylor, during the school months of September through May of each year; that during the summer months the children shall be in the custody of their father, John Estridge; and that their father shall have the right of calling for and receiving the children once every two weeks for week ends, receiving them at the home of Bessie Taylor on Friday afternoon after school and returning them on Sunday afternoon before 6 p. m.

Exceptions were taken to the judgment and appeals prayed, which were granted. Thus, we have here the consolidated actions.

Attorneys for appellant, John Estridge, have filed brief. None has been filed for Bessie Taylor.

It is insisted by appellant, John Estridge, that the court erred in his judgment above and that he is entitled to the care and custody of his children. There is nothing in this record against either of the parties. The grandmother apparently has done what any maternal grandmother would have done under similar circumstances. Apparently, from the record, she took these children and provided as best she could for them and did her utmost to take the place of the mother. She alleged in her petition for writ of habeas corpus that the father under a contract, or under what she alleged to be a contract, told her if she would take the children and care for them he would never call for them. It is understandable how such a conversation could have taken place at a time when the home had been broken by the death of the mother, leaving a father with two small children. The minds of the people are so clouded and weighted with the grief and distractions of such an occasion that conversation such as alleged by this maternal grandmother no doubt did take place.

Apparently from the record there had been no prior difficulty between this grandmother and the father of her grandchildren. John Estridge has remarried and established another home and now wants his children. Consequently, this trouble arose.

We conclude, most likely, the chancellor based his decision upon the fact of a contract, and under the circumstances no doubt believed that it would be for the best interest of the children to require an abiding by

that contract. We have carefully considered the matter and have come to the conclusion that the court erred in his judgment, first, because under KRS 405.020 a surviving parent is entitled to the custody of his child if that surviving parent is a suitable person to have such care and custody. Mason v. Williams, 165 Ky. 331, 176 S. W. 1171; and Hampton v. Alcorn, 213 Ky. 599, 281 S. W. 540.

Second, having had this right he certainly cannot surrender it unless by a contract in language clear and convincing. Under this evidence we think there was failure to show a contract.

In Turner v. Lee, 291 Ky. 395, 165 S. W. 2d 954, 956, we said: ''The case of Thompson v. Childers, 231 Ky. 179, 21 S. W. 2d 247, settled the question in this jurisdiction as to the validity of an agreement under which a parent may surrender the custody of his child. It was pointed out, however, in the case of Ferguson v. Klein, 273 Ky. 473, 116 S. W. 2d 950, that this Court is not inclined to uphold such agreements where the meaning of the language employed is not unequivocal and the evidence as to the existence of the agreement is not clear and convincing, or where the act of relinquishment is performed under acts of temporary distress or discouragement. Certainly it cannot be contended that Turner was not under great distress at the time he placed his child in the custody of the Lees. His wife had just died, and, indeed, had not been buried, at the time Mrs. Lee took the child. Obviously, Turner knew of the great difficulty which he would encounter in caring for the newborn child. It could well be said that he should be commended rather than condemned for surrendering the child into the hands of one more suitable to care for her at that time.''

The evidence shows that this father makes better than $200 a month; that he is a man of good habits, industrious and highly respected in his community; his wife is a good housekeeper; that he is fairly well situated in a home at Yancey where there are good schools; and that Linda Sue, who has been with him for several weeks, wants to stay with her father. On the other hand, the grandmother is a widow and has no means of support other than what is contributed to her by her two sons.

688

These sons have neither moral nor legal obligation to support these children. The father has such obligation.

We conclude, therefore, that the father has a right to and is entitled to the care and custody of these children, and further believe, considering all the circumstances, that it would be for the best interest of these children.

We must, therefore, reverse the judgment with directions to place these children in the care and custody of the father, with further provision that this grandmother be permitted to see these children at proper times.