**MONTGOMERY v. ABEL.**

Court of Appeals of Kentucky.

April 27, 1951.

James H. Polsgrove, Louisville, for appellant.

M. Joseph Schmitt, Louisville, for appellee.

STANLEY, Commissioner.

This is a petition for a writ of habeas corpus filed by Elmer M. Abel, Jr. to obtain the possession of his little girls, aged two and three years, from their maternal grandmother. In July, 1949, Abel filed a suit for divorce in which he asked for the custody of the children. After issues were joined, he agreed that the babies should stay with their mother, who was sick and living with her parents, and that he would pay certain sums for their maintenance. No further steps were taken in the suit and the mother died in November, 1950. The father testified in this case that he had made the agreement because his wife's doctor had advised him she could not live but a short while. After her death he was denied his children by their grandmother.

The father is shown to be an industrious young man of good habits and character. In fact, it was stipulated, after having been proved, that he bears a good reputation. The evidence against him related principally to what the grandparents regarded as mistreatment and neglect of his wife. On the contrary, he contended that the trouble was caused by her parents. He now lives with his mother and an unmarried sister, and the children will doubtless be well cared for there.

■ The chancellor heard the witnesses in person and thereby had the opportunity of observing the parties and obtaining a better view and understanding of the relatives situations and the parties themselves. Judge Speckman's opinion analyzes the evidence and takes cognizance of KRS 405.020 which provides that after the death of either parent, the survivor, if suited to the trust, shall have the custody of any minor children and that the father shall be primarily liable for their nurture and education. The statute has been frequently construed as entitling the surviving parent to the custody of his children unless it be proved that he is not a fit and proper person for that trust or is unable because of circumstances and conditions to care for them. This law is made to fit into the polestar of equity, that the welfare of the child is the paramount consideration. Moore v. Smith, 228 Ky. 286, 14 S.W.2d 1072; Hampton v. Alcorn, 213 Ky. 599, 281 S.W. 540; Staggs v. Sparks, 286 Ky. 398, 150 S.W.2d 690.

■ We concur in the following expressions and views of the chancellor: "We find nothing in this case to justify a ruling that the father is unsuited to the task which the statute places upon him. We do this with full knowledge and respect for the efforts of the grandparents to rear their daughter's children in her absence. It is a disagreeable task the Court must perform when it undertakes to take away from the grandparents children to whom they have been endeared and upon whom they have bestowed so much care and affection. However, we must follow the mandate of the legislature. It is not the policy of the courts to write the law but only to interpret it. That law was made by the legislature and we have no power except to follow its mandate and the opinions of the Court of Appeals construing the act of the legislature. Therefore, it is the opinion of this Court that it has not been proven that the father is not suited to the obligation which the statute puts upon him, and that the children must be given to his care and custody."

The judgment is accordingly affirmed.