## Davis' Committee v. Loney.

May 15, 1942.

George S. Clay for appellant.

S. O. Heilbronner for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

In the year 1925 Eddie Earl Davis, a World War veteran, was found incompetent to manage his estate and his sister, the appellee, Anna J. Loney, was appointed as his committee. His only estate consisted of a pension from the Federal Government. He has resided with his sister for the past eighteen years.

In the year 1936 Mrs. Loney conveyed a house and lot in the city of Henderson to Davis for the recited consideration of ''one dollar and other considerations.'' Later in the year Davis reconveyed the property to Mrs. Loney. Recognizing that the deed of reconveyance was void by reason of the fact that Davis was a person of unsound mind, Mrs. Loney instituted this action in which she sought a judgment ordering a reconveyance of the property to her. A guardian ad litem was appointed and a report was filed by him to the effect that he could make no affirmative defense. The petition alleged that there was no consideration for the conveyance to Davis and that the purpose of the deed to him was to place title in him temporarily and that he agreed that upon Mrs. Loney's request he would reconvey the property to her.

The only evidence introduced was that of Mrs. Loney and Davis. Both testified as to the absence of any consideration for her conveyance to Davis. Mrs. Loney testified that she executed the deed to Davis ''because of some financial condition of my husband and myself as a family arrangement I thought it best for the title to be in my brother and I conveyed the land to him with the understanding that he was to reconvey it to me whenever I wanted it conveyed back to me.'' She further stated that her brother always considered the property

as belonging to her and never claimed any title to it. Davis testified that he did not know why the property was conveyed to him and corroborated Mrs. Loney as to the absence of any consideration and as to his agreement to reconvey to her.

It was adjudged that title to the property did not pass by the deed to Davis and that it still remained in Mrs. Loney free from any claim by Davis. The commissioner was ordered to reconvey the property to Mrs. Loney on behalf of Davis and this deed was executed and approved. Under direction of the chancellor the guardian ad litem appeals from the judgment.

We feel that we would be setting a dangerous precedent were we to place the seal of approval on the judgment in question. Infants and persons of unsound mind have always been regarded as special wards of the courts and any transaction which might result in financial loss to them or in depletion of their estates should be scrutinized with great care. While there was no objection interposed to Mrs. Loney's testimony, the chancellor was not authorized to render a judgment based largely on this testimony which was incompetent by virtue of Subsection 2 of Section 606 of the Civil Code of Practice, prohibiting any person from testifying for himself as to any transaction with a person of unsound mind. Though no objection was interposed by the guardian ad litem, the chancellor, in the performance of duty of looking with special care to the interest of incompetents, should have disregarded this plainly incompetent evidence. When this evidence is eliminated, we have only the evidence of the incompetent himself to support the judgment. Clearly, it would be passing all bounds to permit an incompetent to be divested of the title to real estate on his own admissions.

Title to real estate may be acquired by infants or incompetents and acceptance of a deed to real estate is presumed in their behalf since such a conveyance is beneficial to them. Upon execution of the deed by Mrs. Loney the title became vested in Davis and could only be divested by one of the methods provided by the Code. To give effect to the purported agreement between Mrs. Loney and Davis, an agreement proven only by incompetent and wholly unsatisfactory evidence would be, in effect, a holding that a person adjudicated to be of un-

sound mind could enter into a valid, binding contract and this, of course, cannot be done.

The conveyance to Davis being valid, he had no legal capacity to convey or to agree to reconvey the property to Mrs. Loney upon request. The chancellor was therefore in error in adjudging that Davis acquired no title and in ordering a reconveyance of the property.

Judgment reversed, with directions to enter a judgment in conformity with this opinion.