**Vann JONES, By and Through His Next Friend and Father, Melvin JONES, Appellant,**

**v.**

**Francis Dale COWAN, Appellee.**

Court of Appeals of Kentucky.

May 1, 1987.

Steve Robey, Providence, for appellant.

Thomas B. Russell, Mark C. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, for appellee.

Before HAYES, COOPER and WEST, JJ.

WEST, Judge.

Vann Jones, a minor, by his father, Melvin Jones, as his next friend, appeals from the judgment of the Crittenden Circuit Court enforcing what it found to be a binding settlement agreement formed when the next friend accepted appellee Cowan's offer to settle the minor's personal injury claim for $15,000. The next friend revoked his acceptance and contends that the trial court erred in rendering judgment enforcing the settlement agreement. We agree. The judgment should be reversed and the case should be remanded.

On February 5, 1983, Vann Jones, then eight years old, was injured when he ran into the path of a truck driven by Francis Dale Cowan and was struck. Suit on his behalf was brought by his father, Melvin Jones, as his next friend. The trial was scheduled for April 5, 1985. On April 4, Jones through his attorney, accepted Cowan's $15,000.00 settlement offer. On April 8, when his then attorney presented to Jones a petition to have Jones appointed guardian and effect the settlement, Jones revoked the acceptance contending that his attorney was misled by Cowan's attorney as to the law regarding set-off of PIP benefits. Cowan pursued the effectuation of the settlement before the trial court. In the face of Jones' above contention for relief from the agreement presented by a successor attorney after dismissal of his original attorney, the trial court held that Jones' original attorney was required to know the law and that a unilateral mistake short of fraud on his part would not be grounds to avoid a valid contract.

■ We agree with the trial court's ruling that there was neither fraud nor mistake sufficient to void the agreement. *Martin v. Beach,* Ky., 452 S.W.2d 418 (1970).

However, we otherwise disagree and conclude that the trial court erred in enforcing the settlement agreement because the next friend lacked the authority to enter a binding agreement and that the Court could not unilaterally require settlement of the case.

CR 17.03(1) reads as follows:

Actions involving unmarried infants or persons of unsound mind shall be brought by the party's guardian or committee, but if there is none, or such guardian or committee is unwilling or unable to act, a next friend may bring the action.

■ The next friend has traditionally been recognized as a mere agent of the child, as is a guardian ad litem. *Kash v. Kash's Guardian,* 260 Ky. 377, 85 S.W.2d 866 (1935). The only difference between the two is that a next friend promulgates the child's interests by suing and the guardian ad litem defends the minor's interest in a lawsuit. CR 17.03. A third category is that of statutory guardian of a minor. The major difference between a next friend and a statutory guardian is that the latter can compromise and settle claims and enter a binding contract on the minor's behalf and the former can not.

The negative holding in *Ambrose v. Graziani,* 197 Ky. 679, 247 S.W. 953, 954 (1923), disposes of the argument that a next friend should be held to have the authority to compromise a claim for unliq-

uidated damages by declaring in regard to a statutory guardian and a next friend:

The guardian has given a bond to account to his infant ward, while the next friend has given none. If the guardian makes a fraudulent or improvident settlement of a claim of his ward he is liable therefore to the ward, while a next friend has no bond and there is no assurance that any right may be enforced against him.

*See also Dacanay v. Mendoza,* 9th Circuit, 573 F.2d 1075 (1978), a case with facts similar to ours which likewise concludes that neither a next friend nor the trial court can unilaterally settle a minor's claim.

We briefly summarize our law in this regard and conclude that the "next friend" device is a procedural one by which a minor's claim is brought into court and a person acting as such is only a nominal party with no unilateral statutory or other authority to settle the minor's claim. A next friend may, therefore, repudiate before judgment any settlement agreement reached. If the next friend acts jointly and in concert with the trial court it may settle the lawsuit but unless a statutory guardian is appointed to receive and account for the proceeds and release the minor's claim, the judgment may be subject to attack. *Metzger Bros. v. Watson's Guardian,* 251 Ky. 446, 65 S.W.2d 460 (1933). Our statutes provide that if the amount to be recovered is less than $10,000.00, the person having the minor's custody is authorized to receive the proceeds and execute a release on the minor's behalf. KRS 387.280. However, the only statutory authority to compromise and settle a minor's claim rests with its statutory guardian as provided in KRS 387.130.

Based on those principles, we conclude that the trial court erred in enforcing the settlement agreement in question over the next friend Jones' objections.

The judgment of the Crittenden Circuit Court is REVERSED and this case is RE-MANDED for further proceedings consistent with this opinion.

All concur.