**Terry Joe RAINWATER, Appellant,**

v.

**Karen WILLIAMS, Appellee.**

**No. 95–CA–1418–MR.**

Court of Appeals of Kentucky.

Oct. 4, 1996.

John D. Bertram, Campbellsville, for Appellant.

Craig Cox, Campbellsville, for Appellee.

Before GARDNER, JOHNSON and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge:

The sole issue in this case is whether child support payments can be reduced or vacated when the minor child receives a sizeable monetary settlement from a personal injury action. In this case, we believe the trial court abused its discretion in not at least considering the independent financial resources of the child, as well as other factors relevant to whether extraordinary circumstances exist to merit deviation from the guidelines. Accordingly, we reverse and remand.

Appellant, Terry Joe Rainwater, and appellee, Karen Williams, are the parents of Matthew Rainwater, born August 26, 1985. The parties have never been married. A paternity action was commenced by appellant on February 2, 1990, which resulted in a determination that appellant was the natural father of the child. Appellant was thereafter awarded visitation of the child. On April 3, 1990, an agreed order was entered whereby appellant was ordered to pay $85.00 per week in child support.

Prior to the paternity action, on October 22, 1989, Matthew was severely burned in a mobile home fire which left him permanently scarred. As a result of the fire, a products liability action was filed in Federal Court against Smith–Gates Corporation, the manufacturer of a heat tape. On October 13, 1994, a settlement agreement was entered into wherein the defendant agreed to pay Matthew, through his mother as legal guardian, the cumulative sum of $13,381,000.00 structured over the next sixty years in monthly installments and lump sum payments. The monthly installments Matthew shall receive before he reaches the age of majority are as follows: $5,000.00 a month from 1994–1997; $6,000.00 a month from 1997–2000; and $7,500.00 a month from 2000–2004. As to lump sum payments during that time, he shall receive $50,000.00 on November 1, 1997 and $75,000.00 on November 2, 2000.

The settlement proceeds are held by CIG-NA Insurance Company and Royal Insurance Company and are guaranteed to be paid through October 1, 2029, or as long as Matthew remains alive, whichever is longer. The child's estate is subject to receiving unpaid settlement proceeds. The corpus of the proceeds may be paid in an annuity policy from Metropolitan Life Insurance Company and Prudential Life Insurance Company at the discretion of CIGNA Insurance Company.

On December 15, 1995, after completion of the above mentioned settlement agreement, appellant filed a motion to reduce or vacate his child support obligation due to the amount of money Matthew was receiving from the settlement. The appellee contested the motion and after a hearing on the matter, the court denied the motion. This appeal followed.

Appellant argues that Matthew's receipt of the settlement proceeds constitutes sufficient change of circumstances to justify vacation or modification of his child support obligation under KRS 403.211 and KRS 403.213 such that it was an abuse of discretion for the court to deny said motion. Appellee counters that a parent has an obligation to support his child regardless of the child's income or assets.

KRS 403.211(2) and (3) provides:

(2) At the time of initial establishment of a child support order, whether temporary or permanent, or in any proceeding to modify a support order, the child support guide-

lines in KRS 403.211 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

(3) A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption and allow for an appropriate adjustment of the guideline award if based upon one (1) or more of the following criteria:

(a) A child's extraordinary medical or dental needs;

(b) A child's extraordinary educational, job training, or special needs;

(c) Either parent's own extraordinary needs, such as medical expenses;

(d) *The independent financial resources, if any, of the child or children;*

(e) Combined parental income in excess of the Kentucky child support guidelines;

(f) The parents of the child, having demonstrated knowledge of the amount of child support established by the Kentucky child support guidelines, have agreed to child support different from the guideline amount. However, no such agreement shall be the basis of any deviation if public assistance is being paid on behalf of a child under the provisions of Part D of Title IV of the Federal Social Security Act; and

(g) Any similar factor of an extraordinary nature specifically identified by the court which would make application of the guidelines inappropriate. (Emphasis added.)

KRS 403.213(1) and (2) provide in pertinent part:

(1) The Kentucky child support guidelines may be used by the parent, custodian, or agency substantially contributing to the support of the child as the basis for periodic updates of child support obligations and for modification of child support orders for health care. The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

(2) Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order which results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances. Application which results in less than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed not to be a material change in circumstances.

It is clear from the above statutes that a child support order can be modified where there is a material change in circumstances that is substantial and continuous and that application of the guidelines which results in greater than 15% change in the amount of support due creates a rebuttable presumption of a material change in circumstances. However, KRS 403.212 provides that a court may deviate from the guidelines where application would be unjust or inappropriate, and deviation from the guidelines is also allowed on a motion for modification. *See Redmon v. Redmon,* Ky.App., 823 S.W.2d 463 (1992).

■ A decision on whether to deviate from the guidelines is within the trial court's discretion. *Redmon, supra.* KRS 403.211(3) specifically provides that the financial resources of the child can be considered in deviating from the guidelines.

At the hearing in the present case, the trial court allowed no evidence to be taken on anything except the income of the parents. The court held immaterial the financial resources of the child and ultimately refused to consider them. The evidence established that appellant earns approximately $1,800.00 a month and the appellee is unemployed. In our view, it was error for the court to refuse to consider the financial resources of the child in determining whether extraordinary circumstances exist to merit deviating from the child support guidelines.

The trial court relied solely on the case of *Watson v. Watson*, 183 Ky. 516, 209 S.W. 524 (1919) in its decision to deny appellant's motion. In *Watson, supra*, a mother sought to receive payment from her child's inheritance for expenses of the child's support. The Court held that because of the duty to support one's children, a parent is not allowed anything from a child's estate for such purposes unless the parent is in such needy financial circumstances that he is unable to support his children. In our view, *Watson* is easily distinguishable from the present case. First, *Watson* was decided well before the Child Support Guidelines which specifically allow the independent financial resources of the child to be considered. Secondly, the parent in *Watson* was not under an order to pay child support as in the instant case. Appellant is not trying to attach or obtain reimbursement from the child's estate for the costs of the child's support.

The court also did not hear evidence on other factors, including those in KRS 403.211(3), that may be relevant to whether extraordinary circumstances exist to justify deviation from the guidelines. No proof was taken on the present physical and mental condition of the child, his current medical needs, or the likelihood of future medical expenses given his injuries. Nor was there proof taken on whether appellee was justified in being unemployed.

While we recognize that a parent is required to pay at least a minimum amount of support under the guidelines (*see also Robinson v. Robinson*, Ky., 363 S.W.2d 111 (1962)), we believe it was error for the court to refuse to at least hear and consider evidence relevant to whether extraordinary circumstances exist, including the independent financial resources of the child, to merit deviation from the guidelines.

Accordingly, for the reasons stated above, we reverse and remand for proceedings consistent with this opinion.

All concur.