Sherri R. **MITCHELL**, a married *minor* by and through Donnie Fee as her Conservator, Appellant,

v.

Michael J. **MITCHELL**, and State Farm Mutual Automobile Insurance Company, Appellees.

No. 96–CA–002106–MR.

Court of Appeals of Kentucky.

March 6, 1998.

J. Robert Stansbury, London, for Appellant.

J. Warren Keller, Mary–Ann Smyth, London for Michael J. Mitchell.

Richard G. Segal, Charles L. Koby, Louisville, David Howard, London, for State Farm Mutual Automobile Insurance Company.

Before GUDGEL, C.J., and EMBERTON and GUIDUGLI, JJ.

## OPINION

EMBERTON, Judge.

The sole issue presented by this appeal is whether a married minor has the capacity to execute a release and enter into a settlement agreement growing out of a personal injury

action. The trial court found that appellant, Sherri Mitchell, had such capacity. We disagree.

Appellant was injured on October 14, 1995, while traveling as a passenger in an automobile owned by her father, Donnie Fee, and operated by her husband, the appellee, Michael J. Mitchell. On October 26, 1995, appellant, age seventeen, executed a release settling her bodily injury claim for $2,500. No conservator was appointed at the time the release was executed.

The appellant filed a motion for declaratory judgment alleging that appellant's incapacity at the time the release was executed rendered it null and void. The appellees argue, and the trial court agreed, that appellant's marriage emancipated her, removing any disability she had as a minor, including the capacity to contract.

Ky.Rev.Stat. (KRS) 387.010 defines minor as anyone under the age of eighteen. Ordinarily, a contract executed by a minor is enforceable by the minor but may be avoided by the minor if not affirmed by him after reaching adulthood. Although the minor has the legal capacity to contract, he has the privilege of avoiding the contract. *Wright v. Stanley Motor Co.*, 249 Ky. 20, 60 S.W.2d 144 (1933). Although, there are certain exceptions to this general rule, none is applicable to this case.[1]

A settlement agreement and release of a third-party tortfeasor has been held to be voidable by the infant. *Interstate Coal Co. v. Trivett,* 155 Ky. 825, 160 S.W. 728 (1913). A repudiation of the agreement requires that the minor return the consideration paid pursuant to that agreement. *Bensinger's Coex'rs v. West,* Ky., 255 S.W.2d 27 (1953).

The privilege bestowed upon a minor to avoid contracts made during infancy is given for policy reasons. Infants, as with other classes of disabilities, are presumed to be insufficiently mature or experienced to effectively bargain with those who have attained legal age, and any transaction which may result in a financial loss to them or in a depletion of their estates is scrutinized with care. *Davis' Committee v. Loney,* 290 Ky. 644, 162 S.W.2d 189 (1942).

Marriage of the infant emancipates the minor; it does not, however, make the minor *sui juris.* In *Bensinger's Coex'rs, supra,* the court declined to hold that an emancipated child must be bound by his contracts and followed the general rule that:

> "Although parental emancipation may free the infant from parental control, it does not remove all of the disabilities of infancy. It does not, for example, enlarge or affect the minor's capacity or incapacity to contract."

*Id.* at 29.

The rule may seem antiquated in view of the arguable maturity of today's youth. It may seem ironic that a minor can drive a car yet not be bound by the contract to purchase that car or be responsible for his torts and crimes yet unable to settle a dispute against a tortfeasor. The distinction to be made is that too frequently a contract involves negotiation and thought beyond the maturity of most people under the age of eighteen. For the same reason we are unpersuaded by the cases cited by appellee dealing with the statute of limitations. *See Wenneker v. Bailey,* Ky., 392 S.W.2d 453 (1965).

We cannot adopt a rule that marriage by the minor somehow classifies him as more mature and intelligent than his unmarried counterpart. We, as did the court in *Kiefer v. Fred Howe Motors, Inc.,* 39 Wis.2d 20, 158 N.W.2d 288 (1968), find that logic and common sense would not encourage such a result since marriage by a minor too frequently may itself be indicative of a lack of wisdom and maturity.[2]

---

1. A minor may be obligated to contracts that provide for the necessities of life. *Williams v. Buckler,* Ky., 264 S.W.2d 279 (1954). It is not alleged that the settlement agreement was such a contract and we are not inclined to so hold.

2. As more emancipated minors enter the market place there may indeed be a need for some limitations on the minor's privilege to avoid his contractual obligations. For a discussion of possible legislative solutions, reference is given to the Wisconsin court's discussion in *Kiefer, supra.*

■ The legislature has provided a means through which a conservator can be appointed to protect the financial interest of a married minor. KRS 387.025(1); *Jones v. Cowan*, Ky., 729 S.W.2d 188 (1987). Although the lack of such appointment will not render the contract void, the minor remains free to avoid his obligation under the contract.

This case is reversed and remanded for an order voiding the settlement and release executed by appellant.

All concur.