Martin Glenn GOLDSMITH, Appellant,

v.

Alicia BENNETT–GOLDSMITH, Appellee.

No. 2006–CA–001680–ME.

Court of Appeals of Kentucky.

May 4, 2007.

Rehearing Denied June 21, 2007.

Marty Goldsmith, Louisville, KY, pro se.

Alicia D. Bennett, Signal Mountain, TN, pro se.

Before DIXON and THOMPSON, Judges; HENRY,[1] Senior Judge.

*OPINION*

THOMPSON, Judge.

Martin Glenn Goldsmith appeals from an order of the Jefferson Family Court entered on August 4, 2006, denying his motions to strike evidence and to reduce his child support obligation. Concluding that the family court did not abuse its discretion, we affirm.

Martin Goldsmith and Alicia Bennett were married on September 3, 1995, in Chattanooga, Tennessee. On November 25, 1996, Bennett gave birth to the couple's only child, Zachary Bennett Goldsmith.

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

In the years immediately following the birth, the couple's marriage began to deteriorate and ended in divorce on May 10, 1999.

Subsequently, Bennett was awarded sole custody of Zachary, and Goldsmith was awarded visitation. Eventually, Goldsmith's child support obligation was set at $676 a month. Over the years, the payment of this amount has been the source of constant contention between the two parties. In an order entered on August 9, 2002, the family court found that Goldsmith had accumulated $2,472 in arrears because of his continued failure to pay his child support obligation. Moreover, the family court found that Goldsmith's noncompliance with its child support order was intentional because Goldsmith had the financial ability to pay. The court ruled that while he had fallen months behind on his child support payments, he had paid over $4,000 toward meeting his consumer debt obligations as those bills came due.

Goldsmith was held in contempt and ordered to serve one day in jail for each day that he remained in arrears. Soon thereafter, Goldsmith's parents came to his aid and paid his arrearages in their entirety. However, as time passed, similar proceedings were conducted regarding Goldsmith's failure to comply with his court-ordered child support obligations but they too were resolved.

On July 13, 2006, Goldsmith filed a motion for a reduction of his child support obligation, and Bennett filed a response. After a July 17 hearing, the family court entered an "Exchange Order," which set out the parties' evidentiary requirements and set the exchange compliance (discovery) deadline at noon on July 28, 2006. The order noted that either party's failure to comply with the exchange order would result in severe sanctions.

Bennett mailed her compliance to Goldsmith on July 28 at 9:55 a.m. and had earlier faxed her compliance to the court at 1:32 a.m., and Goldsmith also delivered his compliance before the deadline. Both parties received the other party's compliance prior to the beginning of the modification hearing. However, on the day of the hearing, Goldsmith filed a motion to strike Bennett's presentation of evidence (including her compliance) alleging that she had failed to comply with the exchange order and had failed to comply with Kentucky Rules of Civil Procedure (CR) 12.06 and 5.03. After conducting the hearing, the family court issued an order denying Goldsmith's motion to strike, and his motion for a reduction of his child support. This appeal followed.

On appeal, Goldsmith raises two grounds for relief: (1) that the family court erred by denying his motion to strike Bennett's presentation of evidence; and (2) that the family court erred by denying his motion to reduce his child support obligation.

■ Goldsmith first alleges that the family court erred by denying his motion to strike Bennett's evidence because Bennett did not comply with the court's exchange order. Goldsmith alleged that Bennett failed to comply because she faxed her documents to the court, which is not an acceptable method for filing documents. Since the exchange order provided that Bennett's failure to comply with the deadline precluded her from presenting evidence, Goldsmith asserts that the family court should have prohibited her from presenting any evidence. In addition, Goldsmith alleges that Bennett's evidence should have been stricken pursuant to CR 12.06 and 5.03.

From a review of the facts, we agree with the family court that Bennett complied with the exchange order. Bennett

had to file her exchange compliance by noon on July 28, 2006. She faxed the court her exchange compliance almost twelve hours before this deadline. Additionally, Bennett did not run afoul of CR 12.06 or 5.03 because her evidence was material and sufficiently identified Goldsmith. From our review, we conclude that the family court did not abuse its discretion when it denied Goldsmith's motion to strike. *Howard v. Kingmont Oil Co.,* 729 S.W.2d 183, 185 (Ky.App.1987).

■ Goldsmith's second allegation is that the family court erred by denying his motion to reduce his child support pursuant to the guidelines of KRS 403.212(2)(d). He alleges that the family court failed to understand or accept that he no longer owned the rental properties that once netted him income. In his brief, Goldsmith writes that "[t]he Court questions the ownership of these houses [rental properties], but fails to ask Goldsmith for information on them, has (sic) the appellant has no ownership in any real estate at this time and has not for several years." Goldsmith further alleges that the family court failed to properly consider his mental illness, bipolar level 1, which he alleges prevents him from obtaining the high quality employment that he had held in the past. Based on these two assertions, he argues that the family court should have granted his motion to reduce his child support obligation.

In *Snow v. Snow,* 24 S.W.3d 668, 672 (Ky.App.2000), this Court held that:

Child-support awards may be modified ... "only upon a showing of a material change in circumstances that is substantial and continuing." KRS 403.213(1). As with the original determination of a child support award, the decision whether to modify an award in light of changed circumstances is within the sound discretion of the trial court.

*Price v. Price,* Ky., 912 S.W.2d 44 (1995); *Rainwater v. Williams,* Ky.App., 930 S.W.2d 405 (1996). Under KRS 403.213(2), a change in circumstances is rebuttably presumed to be substantial if application of the child-support guidelines (KRS 403.212) to the new circumstances would result in a change in the amount of child support of 15% or more.

Since the family court found that there had been no material change in circumstances to support modifying Goldsmith's child support, our remaining issue is whether the family court abused its discretion in finding no such change.

■ First, Goldsmith's reference to KRS 403.212 is appropriate to the extent that this provision is the guideline for setting a parent's child support obligation. However, he has failed to understand the importance of KRS 403.213. Under KRS 403.213, the party filing a motion for modification must show a material change in circumstances that is substantial and continuing. *Snow,* supra. If such a showing is not made, the denial of the modification motion is proper.

In its August 4 order, the family court wrote that:

After hearing testimony of both parties and reviewing the exhibits and file herein, the Court finds that the Respondent [Goldsmith] has failed to establish his current and past gross income as provided for in KRS 403.212(2)(c) and (f). The Respondent did not provide, and has apparently not filed, tax returns for the years 2003, 2004 and 2005. His 2002 return shows total income of $25,101. On Schedule E of his 2002 return, he reports total rents received of $66,936. Throughout the history of this case, the Court has been aware that the Respondent owns real property and receives rental income. However, no information

regarding his real estate holdings and his rental income were provided to this Court.

Additionally, the Respondent has been able to pay his child support and consumer debt obligations in the past, *from jail,* as evidenced by this Court's Order of August 9, 2002. The Respondent was also incarcerated for a period of time in 2004 and/or 2005. However, he has apparently paid his child support while incarcerated.

The family court then concluded that Goldsmith had not established a material change in circumstances as required by KRS 403.213(1) and denied his motion.

After reviewing the record, we agree with the family court that Goldsmith did not put forth the necessary evidence required to establish that there had been a material change in circumstances requiring a modification of his child support obligation. The family court focused on Goldsmith's rental property holdings which had earned him over sixty thousand dollars in a previous year. Although Goldsmith now denies that he has owned any rental properties in the past several years, the record is clear that Goldsmith owned several rental properties in the past and did not offer the family court any explanation regarding how he divested these properties.

For example, in a letter dated March 1, 2001, addressed to Jefferson Family Court Judge Kevin Garvey, Goldsmith wrote that he believed that four properties of his had been littered upon by individuals associated with Bennett. If Goldsmith is now correct that he has not owned any rental properties in the past several years, he offered the family court absolutely no information regarding the disposal of these properties. Real property does not inexplicably disappear but must be sold, given away, or taken. Goldsmith was the only person at the hearing in a position to explain the alleged non-possession of the properties but he chose to remain silent.

We conclude that the family court was correct that Goldsmith must provide sufficient proof to support his motion before his child support could be modified. Further, his mental illness has no effect on the income that he receives from his rental properties; therefore, this assertion cannot provide him with relief that he desires. The family court's finding was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles and thus will not be disturbed. *Downing v. Downing,* 45 S.W.3d 449, 454 (Ky.App.2001).

For the foregoing reasons, the order of the Jefferson Family Court denying Goldsmith's motion to strike and motion to reduce his child support is affirmed.

ALL CONCUR.