David JOHNSON, Appellant

v.

Sherri JOHNSON, Appellee.

No. 2006–CA–001790–ME.

Court of Appeals of Kentucky.

Aug. 24, 2007.

Michael L. Judy, Frankfort, KY, for appellant.

Marie Brannon, Frankfort, KY, for appellee.

Before KELLER and NICKELL, Judges; KNOPF,[1] Senior Judge.

## OPINION

NICKELL, Judge.

David Johnson (hereinafter "David") appeals a final order of the Franklin Family Court entered August 3, 2006, that recalculated and increased his child support obligation. We affirm.

David and Sherri Johnson (hereinafter "Sherri") were wed on October 1, 1993. A daughter was born to their union on December 17, 1994. They separated on January 12, 2003, and on April 1, 2004, Sherri petitioned the Franklin Family Court to dissolve the marriage, to award to her full and permanent sole custody of their nine-year-old daughter, and to require David to pay child support pursuant to the statutory guidelines. Sherri filed a separate motion for temporary custody and child support the same day seeking monthly support from David in the amount of $760.20. David responded on April 14, 2004, stating both he and Sherri were fit custodians, that joint custody was best for their daughter, and that the family court should determine the proper child support contribution each parent should make based upon the statutory guidelines. According to David's calculations, his maximum child support contribution should be $717.50.

On June 18, 2004, the family court entered an order granting temporary joint custody to the parties with Sherri being designated as primary residential custodian. David was awarded timesharing with his daughter every Tuesday and Thursday night and every other weekend from Friday evening until Sunday. David was or-

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

dered to pay temporary child support to Sherri at a rate of $750.00 per month.

The parties executed a written custody and settlement agreement and filed it with the family court on November 30, 2004. In it, the parties agreed to "jointly and equally" share custody of their daughter. The child would spend each Tuesday and Thursday afternoon and evening with David as well as every other weekend. Both David and Sherri would share holidays, vacation time, and special occasions with their daughter. Each parent would also have two uninterrupted weeks of summer vacation with the child. Rather than figuring child support pursuant to Kentucky Revised Statutes (KRS) 403.212(3), David and Sherri chose instead to calculate it using the split custody arrangement set forth in KRS 403.212(6)(b). A worksheet attached to the signed and notarized agreement lists Sherri's monthly gross income as $2,241.00 and David's as $5,315.00. They listed the base monthly support for one child at $891.00 which is the amount listed in the guidelines table for one child with a combined monthly adjusted parental gross income of $7,600.00. Based upon these figures, they agreed David would pay to Sherri $356.40 in monthly child support and the parties would equally divide child care expenses plus the cost of their daughter's health insurance and any additional medical, dental, or prescription drug expenses.

On December 7, 2004, the family court entered its findings of fact, conclusions of law and decree of dissolution. It found the terms of the settlement agreement executed by the parties were "fair, equitable and not unconscionable" and incorporated them fully into the decree of dissolution. Thus, David's monthly child support obligation was set at $356.40.

On March 3, 2006, Sherri filed a motion to compel David to comply with the terms of the property settlement. Coupled with the motion to compel was a request that the family court review the child support calculation because both Sherri and David were now earning more money and David was not keeping their daughter one-half of the time as was anticipated when the child support obligation was originally computed. Sherri asked that child support now be figured pursuant to the guidelines table rather than the split custody formula used in the original settlement agreement.

David filed a response and counter-motion on March 27, 2006. He argued the family court should not review the child support obligation unless Sherri first demonstrated, as required by KRS 403.213(2), that recalculation would result in at least a 15% deviation from the current base monthly support amount.

On May 4, 2006, the family court entered an order that, among other things, required Sherri and David to exchange current income information so the child support obligation could be calculated according to the statutory guidelines. On June 14, 2006, Sherri again moved the family court to review the child support obligation and to set it according to the guidelines.

The family court held a hearing on July 17, 2006, at which both Sherri and David testified. Sherri suggested she had custody of the child more than 50% of the time. Likewise, David suggested he had custody of the child more than 50% of the time. At the conclusion of the hearing, the family court ruled from the bench that child support would be figured pursuant to the statutory child support guidelines and both parents would share the cost of the child's dental insurance. Thereafter, David's attorney asked for a ruling on whether David would be reimbursed for half of the dental insurance costs he had already expended. The family court ruled that any

amount already paid would be considered voluntary and Sherri would be responsible for half of any future cost of their daughter's dental insurance. Importantly, during the hearing, no additional findings of fact were made or requested.

A couple of weeks later, on August 3, 2006, the family court entered a written order requiring David to pay $637.32 in monthly child support effective March 3, 2006. The order specified support was being computed according to the statutory child support guidelines and directed the parties to split the cost of their daughter's dental insurance. No additional findings or conclusions were included in the order or subsequently requested by the parties. This appeal followed.

On appeal, David raises two grounds for relief. Both are intertwined and will be addressed together. The first claim is that the family court erred in reviewing the child support calculation without first requiring Sherri to demonstrate at least a 15% change in the amount of total child support that was due. The second claim is that since Sherri did not prove at least a 15% deviation, the family court abused its discretion in increasing David's child support obligation. For her part, Sherri argues that when correctly computed there is a greater than 15% increase; a family court always retains authority to review child support matters; and, the increased income of both parties, when considered together with the amount of time each parent was actually exercising custody of the child, created a substantial and continuing material change in circumstances that justified review and modification of David's child support obligation. We affirm due to the lack of preservation of error.

Modifying a child support obligation is generally within the sound discretion of the court. *Van Meter v. Smith,* 14 S.W.3d 569, 572 (Ky.App.2000); *Rainwater v. Williams,* 930 S.W.2d 405, 407 (Ky.App. 1996). We will not disturb a family court's findings unless the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing,* 45 S.W.3d 449, 454 (Ky.App.2001). In other words, "as long as the trial court gives due consideration to the parties' financial circumstances and the child's needs, and either conforms to the statutory prescriptions or adequately justifies deviating therefrom, this Court will not disturb its rulings [citation omitted]." *Van Meter,* 14 S.W.3d at 572.

KRS 403.180(1) allows parties to a dissolution to enter into an agreement settling property issues including child custody, child support, and visitation. David and Sherri executed such an agreement using the split custody formula to calculate the child support obligation of each parent. However, KRS 403.180(2) specifies the family court was never bound by the terms of the agreement as it pertained to the couple's daughter. Still, in its decree of dissolution, the family court found the terms of the agreement reached by David and Sherri to be "fair, equitable and not unconscionable," and fully incorporated them into the decree including David's agreed upon child support obligation of $356.40. Thus, in order to make a change in child support, Sherri, as the party seeking the change, was statutorily required to show "a material change in circumstances that is substantial and continuing." KRS 403.213(1). By statute, proof of a deviation of 15% or more "in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances." KRS 403.213(2). Conversely, any change that is less than 15% is "rebuttably presumed not to be a material change in circumstances." *Id.*

■ David contends the required showing of a 15% deviation or more was not made; Sherri claims it was. Our review is hampered by the lack of any factual findings upon which the family court based its ruling. From the videotaped hearings and the written record, we know only that the family court granted Sherri's motion to recalculate child support using the statutory guidelines and that by applying the statutory formula, David's child support obligation increased from $356.40 a month to $637.32 a month. What we do not know is why the family court chose to apply the statutory child support calculation instead of the split custody formula the parties originally employed. While it was error for the court to modify the support agreement without making findings of fact, *Burnett v. Burnett*, 516 S.W.2d 330 (Ky.1974), we must lay the absence of such findings of fact at David's feet because he did not request them as required by Kentucky Rules of Civil Procedure (CR) 52.04.[2] As stated in *Adkins v. Adkins*, 574 S.W.2d 898, 900 (Ky.App.1978), a child support modification case relied upon by David in the brief filed with this Court, "no judgment shall be reversed for failure to make such findings unless the failure is brought to the court's attention in the form of a written request or motion for said findings." Having failed to ask the family court to state upon the record its rationale for reviewing and ultimately recalculating the child support award, David has not properly preserved this issue for review.[3] Furthermore, we have no basis upon which to find any abuse of discretion by the court. Thus, we affirm the family court's order.

■ As an aside, we note that while the family court did not make specific findings from the bench during the July 17, 2006, hearing or in its August 3, 2006, written order, there was proof from which it could have found a substantial and continuing material change in circumstances had occurred and therefore justified review and modification of the child support award. Both Sherri and David testified during the July 17, 2006, hearing that they were keeping the child more than 50% of the time. In light of such conflicting testimony, it would not have been an abuse of discretion for the family court to modify the agreement of the parties and to recalculate child support without reference to the split custody arrangement David and Sherri originally envisioned. Finding no error, we affirm.

For the foregoing reasons, the Order of the Franklin Family Court is affirmed.

ALL CONCUR.

---

**2.** CR 52.04 mandates: "A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02."

**3.** David claims this issue is preserved by the written response and counter-motion he filed on March 27, 2006. However, only one paragraph in that pleading references child support. In it, David argues the annual salary increments both he and Sherri received as state employees and the additional money he had spent on his daughter, beyond his child support obligation, did not demonstrate a 15% difference in the total amount of child support due. This brief mention of child support in a response/counter-motion filed with the family court some four months before the hearing and five months before entry of the court's written order does not trump CR 52.04 which requires a party to request a written finding before mounting a challenge.