Alvie Deray SHELTON, Appellant

v.

Jia Anna–Maria SHELTON, Appellee.

No. 2014–CA–000259–ME.

Court of Appeals of Kentucky.

Oct. 17, 2014.

Amealia R. Zachary, Dixon, KY, for Appellant.

Zack N. Womack, Henderson, KY, for Appellee.

Before DIXON, LAMBERT, and TAYLOR, Judges.

## OPINION

LAMBERT, Judge:

Alvie Deray Shelton (hereinafter the father) appeals the Henderson Family Court's order denying his motion to modify child support. After careful review, we affirm.

The parties were married on September 28, 1991, and separated in June 2009. They were divorced by decree entered March 23, 2010. During the marriage, the parties adopted two children. At the time of the entry of the separation agreement in March 2010, the children were ages two and six.

Both parties were represented by counsel, and child support was set above the guidelines. Both parties admitted that they knew that the agreed upon child support was a deviation from the guidelines. There is no child support worksheet in the record, and thus no proof of what the father's income was estimated to be at the time the agreement was entered. The father was ordered to pay $3,000.00 per month in child support. He is self-employed as a contractor painting water towers and subcontracts work to other contractors. The mother had no income at the time of the divorce and was caring for the two-year-old child in the home. No income was imputed to her at that time. The terms and conditions of the settlement agreement became effective March 1, 2010.

Based on what he deemed to be a decrease in his income and the fact that the youngest child was four years old, the father petitioned the court for a reduction in child support. The father's reasoning was that because the child was older, the mother could now work, and thus she should have income attributed to her. A hearing in the matter was held on November 22, 2013, and both parties were again represented by counsel. According to the father's mandatory disclosures, he claimed to have a gross income of $6,000.00 per month, or $72,000.00 per year. The wife had no income. The record reflects that for reasons not related to this appeal, the father now has custody of the two children.

At the hearing, a CPA testified on behalf of the father and stated that he had prepared the father's taxes. According to his testimony, he did not go through the father's receipts, but used the finished

numbers the father had provided. The CPA stated that the percentages of deductions were higher than most clients of a comparable nature. The CPA further testified that if the information provided was accurate, then the bottom line on profits would accordingly have to be adjusted. The testimony reflected that the father did not issue 1099s to his subcontractors. The CPA testified that, considering the basis of the information provided to him and adjusting for straight line depreciation, including some of the father's expenses, the father's gross income for self-employment was $100,353.00.

The record reflects that the father did not have receipts for business expenses that he claimed offset his profits/income. For example, workers who were paid a per diem each day for meals had no receipts and there were limited receipts for workers' hotel rooms. Also, expenses for which the father was reimbursed were in-kind payments received by the father himself in the operation of his business and personal use of his business property and are income as defined under Kentucky Revised Statutes (KRS) 403.212(c). The father testified he included his own vehicle, hotel rooms, and meals in his deductions. The record also reflects that the father noted on his Schedule C gross receipts of $349,857.00 and cost of goods in the amount of $154,005.00, with expenses of $102,127.00.

■ In its findings of fact and conclusions of law, the family court was unable to determine the father's income from self-employment, as is required under KRS 403.212(c), due to the lack of documentation to support the expenses. The court thereafter went on to state that in order to modify child support, the court must find a material change in circumstances that is substantial and continuing. The court concluded that there was insufficient evidence of a change in circumstance that would justify modification of the child support at this time. This appeal now follows.

Child-support awards may be modified ... 'only upon a showing of a material change in circumstances that is substantial and continuing.' KRS 403.213(1). As with the original determination of a child support award, the decision whether to modify an award in light of changed circumstances is within the sound discretion of the trial court. *Price v. Price,* Ky., 912 S.W.2d 44 (1995); *Rainwater v. Williams,* Ky.App., 930 S.W.2d 405 (1996). Under KRS 403.213(2), a change in circumstances is rebuttably presumed to be substantial if application of the child-support guidelines (KRS 403.212) to the new circumstances would result in a change in the amount of child support of 15% or more.

*Goldsmith v. Bennett–Goldsmith,* 227 S.W.3d 459 (Ky.App.2007) (quoting *Snow v. Snow,* 24 S.W.3d 668, 672 (Ky.App. 2000)).

■ In all matters that are tried upon the facts without a jury, as here, the court shall find the facts specifically and state separately its conclusions of law and render an appropriate judgment. Kentucky Rules of Civil Procedure (CR) 52.01. According to that rule, findings of fact shall not be set aside unless "clearly erroneous." *See* CR 52.01. It also requires that due regard shall be given to the opportunity of the family court to judge the credibility of the witnesses. *See Mary Breckinridge Healthcare, Inc. v. Eldridge,* 275 S.W.3d 739, 743 (Ky.App.2008). A factual finding is not clearly erroneous if it is supported by substantial evidence. Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion. Evidence, when taken alone or in light of all the evidence, has sufficient

probative value to induce contention in the minds of reasonable men. *Id.*

On appeal, the father essentially asks several questions of this Court. First, he asks if the family court was required to make a determination as to the amount of the fathers' income when that income has never been previously determined or noted on any child support worksheet. Next, he questions what constitutes a change in circumstances when the parties have deviated to a sum in excess of the child support guidelines and no worksheet is attached. Finally, the father asks if the family court erroneously imputed wages to him. Essentially, the father appears to be arguing that the family court improperly found that no material change in circumstances warranted a reduction in his child support obligation.

A review of the record indicates that the family court properly operated under the parameters of CR 52.01. There is sufficient evidence in the record—or in this case, the lack of sufficient evidence from the father in the record—to support the family court's conclusion. The burden of proof rested with the father on his motion to modify child support, which required the showing of a material change in circumstances that is substantial and continuing. KRS 403.213(1). The father simply did not meet his burden of proof.

In his mandatory disclosures, the father stated that he made $6,000.00 per month, which amounts to $72,000.00 per year. According to the evidence, the gross receipts of the business owned by the father totaled $349,857.00. The cost of goods was in the amount of $154,005.00, with certain expenses, totaling $102,127.00. The testimony of the father's CPA was that straight line depreciation would show that the father, at a very minimum, earned $100,353.00. This is a clear deviation from the $72,000.00 in income the father claimed in his mandatory disclosures. We agree that without the receipts backing up his expenses, the discrepancy in the father's testimony versus the CPA's testimony draws the father's credibility into question.

Furthermore, KRS 403.212(c) dictates to the family court how income from self-employment is to be determined. The statute specifically states:

For income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, "gross income" means gross receipts minus ordinary and necessary expenses required for self-employment or business operation. Straight-line depreciation, using Internal Revenue Service (IRS) guidelines, shall be the only allowable method of calculating depreciation expense in determining gross income. Specifically excluded from ordinary and necessary expenses for purposes of this guideline shall be investment tax credits or any other business expenses inappropriate for determining gross income for purposes of calculating child support. Income and expenses from self-employment or operation of a business shall be carefully reviewed to determine an appropriate level of gross income available to the parent to satisfy a child support obligation. In most cases, this amount will differ from a determination of business income for tax purposes. Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business or personal use of business property or payments of expenses by a business, shall be counted as income if they are significant and reduce personal living expenses such as a company or business car, free housing, reimbursed meals, or club dues.

It is incumbent on the family court to examine the income of the father by reviewing all sources of income, including those expenses or reimbursements he received for personal living expenses associated with the company, which necessarily includes auto, housing, meals, dues, etc. When reviewing the father's income, the family court found that there was at least $100,353.00 in income attributable to the father based upon the evidence that was presented, but that an exact amount could not be determined based upon the father's lack of documentation and receipts. As far as reimbursement of ordinary and necessary expenses, there was little or no credible evidence upon which the family court could rely in determining exactly what those expenses were.

We agree with the mother that it is not for the family court to shore up or prove the father's case for him. The father was seeking modification of child support, and therefore, he must meet the statutory requirements in proving his self-employment income and expenses. There is substantial evidence in the record to support the family court's findings of fact and conclusions of law. Finally, we note that nothing prevents the father from renewing any motion he may have for the modification of child support, provided he can establish a substantial and continuing change in circumstances that warrants the modification.

Based on the foregoing, we affirm the January 13, 2014, order of the Henderson Family Court.

ALL CONCUR.