RENDERED: JUNE 25, 2026
TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0371-DG

MERCY REGIONAL EMERGENCY                     APPELLANTS
MEDICAL SYSTEM, LLC AND SCOTT
HENDRICKSON


                    ON REVIEW FROM COURT OF APPEALS
V.                           NO. 2023-CA-1242
              MCCRACKEN CIRCUIT COURT NO. 19-CI-00261


THE ESTATE OF JOSHUA ADAM                    APPELLEES
FUSON, BY ADMINISTRATRIXES, AMY
HICKMAN AND DAFFENY SNEED
FUSON; AUBREY GRACE FUSON, A
MINOR BY AND THROUGH HER
MOTHER AND NEXT OF FRIEND AMY
HICKMAN; AND VICTORIA PAIGE
FUSON


**OPINION OF THE COURT BY CHIEF JUSTICE LAMBERT**

**<u>AFFIRMING</u>**

Mercy Regional Emergency Medical System, LLC and Scott Hendrickson seek review of the Kentucky Court of Appeals' opinion reversing the trial court's order granting summary judgment on a decedent's minor daughters' loss of parental consortium claim. The Court of Appeals held the plain language of Kentucky Revised Statutes (KRS) 413.170(1) allows the children in this case to prosecute their loss of consortium claim at any time. Therefore, the statute of limitations did not bar the minor daughters' loss of consortium claim.

On appeal, Mercy Regional EMS and Hendrickson contend that the trial court correctly granted summary judgment because the minor daughters' loss of parental consortium claim was not tolled under KRS 413.170(1) and therefore was barred by the statute of limitations. We disagree, and we affirm the holding of the Court of Appeals.

## I.     Background

This case arises from the death of Joshua Adam Fuson. On March 25, 2018, Fuson was under the influence of methamphetamine, prompting his brother to call 911 due to concerns about his behavior. Officers from the Paducah Police Department, emergency medical technician Hendrickson,[1] and a Mercy Regional EMS ambulance arrived at the scene. Officers and Hendrickson began rendering aid to Fuson. However, Fuson fled from the scene, and officers pursued him. Once apprehended, Hendrickson again provided medical care to Fuson. Body camera footage showed that Fuson was combative. He cursed at officers, attempted to spit on Hendrickson, and resisted further care. As a result, Fuson was taken to the McCracken County Jail. While in custody, Fuson suffered a cardiac arrest, and he was transported to Baptist Health in Paducah. On March 27, 2018, Fuson was pronounced dead. Fuson was survived by two minor children.

Amy Hickman and Daffeny Fuson were appointed as co-administrators of Fuson's estate (Estate). On March 25, 2019, the Estate and Fuson's minor

---

[1] The record reflects that another EMT was also present and rendering aid to Fuson.

children, by and through their mother as next friend (Minor Children), filed a complaint against the City of Paducah, Kentucky, three Paducah Police Department officers, and employees of the McCracken County Jail. Mercy Regional EMS and Hendrickson were not named in that complaint. On June 26, 2019, the Estate and Minor Children moved for leave to file their First Amended Complaint. Mercy Regional EMS and Hendrickson were again not named in that complaint. On July 27, 2022, the Estate and Minor Children moved to amend their First Amended Complaint. On September 21, 2022, the Second Amended Complaint was filed. It alleged the same claims as the First Amended Complaint, including wrongful death, negligence, intentional infliction of emotional distress, and the Minor Children's claim for loss of parental consortium. Notably, Mercy Regional EMS and Hendrickson were named in that complaint.

Mercy Regional EMS and Hendrickson moved for summary judgment on the grounds that the Estate's and Minor Children's claims were barred by the statute of limitations because the Second Amended Complaint was filed over four years after Fuson's death. On September 1, 2023, the trial court held a hearing over the motion for summary judgment. The trial court dismissed the Estate's claims against Mercy Regional EMS and Hendrickson because the claims were barred by the applicable statute of limitations. Furthermore, the trial court dismissed the Minor Children's loss of parental consortium claim against Mercy Regional EMS and Hendrickson. First, the trial court dismissed the Minor Children's claim because it was derivative of the Estate's wrongful

3

death claim and was thus dependent on the viability of the Estate's claim. Because the Estate's wrongful death claim did not survive summary judgment, the trial court found that the Minor Children no longer had a viable loss of parental consortium claim. Second, the trial court found that the Minor Children's claim was barred by the statute of limitations pursuant to KRS 413.140(1).[2] Relying on *Tallman v. City of Elizabethtown*,[3] the trial court found that this claim was not tolled by KRS 413.170(1).[4]

The Estate and Minor Children filed an appeal alleging that the trial court erred in dismissing the claims against Mercy Regional EMS and Hendrickson. The Court of Appeals affirmed the trial court in part, holding that the trial court did not err in dismissing the Estate's claims against Mercy Regional EMS and Hendrickson because the claims were barred by the statute of limitations.[5] The Court of Appeals held that the Estate knew of Mercy Regional EMS's and Hendrickson's involvement in 2018, the Estate had a duty

---

[2] KRS 413.140(1)(a) states: "The following actions shall be commenced within one (1) year after the cause of action accrued: . . . [a]n action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant[.]'

[3] No. 2006-CA-002542-MR, 2007 WL 3227599 (Ky. App. Nov. 2, 2007).

[4] KRS 413.170(1) states:

If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

[5] *Est. of Fuson by Hickman v. Mercy Reg'l Emergency Med. Sys., LLC*, No. 2023-CA-1242-MR, 2024 WL 3381440, at *1–7 (Ky. App. July 12, 2024).

4

to investigate within the limitations period, and the discovery rule[6] does not toll for lack of diligence. Furthermore, a claim of fraudulent concealment was waived because it was not preserved. The Court of Appeals held that this claim was not raised in the trial court and that the Estate failed to raise it in its initial brief.

However, the Court of Appeals reversed the trial court's decision to dismiss the children's loss of consortium claim. First, the Court of Appeals held that the loss of consortium claim is independent of the Estate's wrongful death claim. Therefore, the loss of consortium claim is not derivative of the wrongful death claim, and it can survive summary judgment although the Estate's wrongful claim did not. Furthermore, the Court of Appeals found that the trial court erroneously concluded that the Minor Children's loss of consortium claim was barred by the running of the applicable statute of limitations. The Court of Appeals held that the plain language of KRS 413.170(1) allows the children in this case to prosecute their loss of

---

[6] The Court of Appeals cited *Wiseman v. Alliant Hosps., Inc.*:

> The discovery rule, a means by which to identify the "accrual" of a cause of action when an injury is not readily ascertainable or discoverable, was first enunciated in *Tomlinson v. Siehl,* Ky., 459 S.W.2d 166 (1970), and later refined in *Hackworth v. Hart,* Ky., 474 S.W.2d 377 (1971): "[T]he statute begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." This rule entails knowledge that a plaintiff has a basis for a claim before the statute of limitations begins to run. The knowledge necessary to trigger the statute is two-pronged; one must know: (1) he has been wronged; and, (2) by whom the wrong has been committed.

37 S.W.3d 709, 712 (Ky. 2000) (internal citations omitted).

consortium claim at any time, and that the trial court erroneously relied on *Tallman*. Therefore, the Court of Appeals ordered this case to be remanded to the trial court for additional proceedings. Mercy Regional EMS and Hendrickson now file this appeal.

## II. Analysis

Mercy Regional EMS and Hendrickson argue that the trial court correctly dismissed the claims brought against them. On appeal, they ask this Court to reverse the Court of Appeals solely on the ground that the loss of consortium claim is barred by the statute of limitations. We decline to do so and affirm the Court of Appeals.

"Summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Normandy Farm, LLC v. Kenneth McPeek Racing Stable, Inc.*, 701 S.W.3d 129, 135 (Ky. 2024) (internal quotations omitted). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Id.* (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991)). "A motion for summary judgment at the trial court, and on appeal, presents only a question of law. . . ." *Id.* (citing *Patton v. Bickford*, 529 S.W.3d 717, 723 (Ky. 2016)). Thus, "[o]ur review is de novo, and we afford no deference to the trial court's decision." *Patton*, 529 S.W.3d at 723.

Mercy Regional EMS and Hendrickson argue that the Minor Children's loss of consortium claim is barred by the one-year statute of limitations

6

pursuant to KRS 413.140. We reject this argument and hold that the Minor Children's loss of consortium claim was tolled under KRS 413.170(1). KRS 413.170(1) states:

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, *an infant* or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

(Emphasis added). It is well-established law "that an infant . . . may bring an action within the applicable statute of limitations after a disability has been removed." *See Azmat ex rel. Azmat v. Bauer*, 588 S.W.3d 441, 448 (Ky. 2018) (citing *Newby's Adm'r v. Warren's Adm'r*, 126 S.W.2d 436, 437 (Ky. 1939)).

> In interpreting a statute, we have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. As such, we must look first to the plain language of the statute and, if the language is clear, our inquiry ends. We hold fast to the rule of construction that the plain meaning of the statutory langue is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source. In other words, we assume that the Legislature meant exactly what it said, and said exactly what it meant.

*Commonwealth v. Moore*, 545 S.W.3d 848, 851 (Ky. 2018) (quoting *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017)). The plain language of this statute clearly protects the Minor Children's claim from being barred by the statute of limitations. *See* KRS 446.080. On July 27, 2022, when the Second Amended Complaint was filed, the children in this case were still

7

minors.[7]  Therefore, their disability could not have been removed, and the Minor Children's claim was tolled under KRS 413.170(1).

Mercy Regional EMS and Hendrickson argue that the Minor Children's prosecution of their loss of consortium claim against some defendants waived the tolling of the statute of limitations for any and all claims arising from the same transactional nucleus of facts.  However, the plain language of KRS 413.170(1) prevents this from happening.  Moreover, we hold that a next friend cannot waive the tolling of the statute of limitations under these circumstances.  Kentucky Rules of Civil Procedure (CR) 17.03 states: "Actions involving unmarried infants or persons of unsound mind shall be brought by the party's guardian or committee, but if there is none, or such guardian or committee is unwilling or unable to act, a next friend may bring the action." "The next friend device is a procedural one by which a minor's claim is brought into court and a person acting as such is only a nominal party with no unilateral statutory or other authority to settle the minor's claim." *Azmat*, 588 S.W.3d at 445 (quoting *Jones ex rel. Jones v. Cowan*, 729 S.W.2d 188, 190 (Ky. App. 1987) (internal quotations omitted)).  "A next friend is the minor's agent, merely bringing an action on the minor's behalf." *Id.*  "The minor is the real party in interest in any lawsuit filed on the minor's behalf by the minor's next friend." *Id.* at 445–46 (quoting *Branham v. Stewart*, 307 S.W.3d 94, 97–98 (Ky. 2010)).  This "authority is limited to filing suit on the minor's behalf and . . .

---

[7] V.P.F. reached the age of majority in September 2022.  A.G.F reached the age of majority in December 2024.

8

lacks the authority to settle the lawsuit." *Branham*, 307 S.W.3d at 98.

Accordingly, a next friend lacks the legal capacity to settle or otherwise extinguish a minor's claims. Pursuant to KRS 413.170(1), this limitation is especially true where the alleged waiver is premised on the claim being barred by the statute of limitations. Therefore, any failure by the next friend to initiate a suit within the ordinary statute of limitations period cannot operate as a waiver or forfeiture of the Minor Children's claim.

The trial court relied on *Tallman* when it held that the loss of consortium claim was not tolled by KRS 413.170(1). On appeal, Mercy Regional EMS and Hendrickson further rely on *Tallman*, arguing that when minors prosecute claims through a next friend, KRS 413.170(1) no longer tolls the statute of limitations. While this Court recognizes the basis upon which the trial court relied on this case for support, such reliance is misplaced.

In *Tallman*, a fatal police shooting occured after a high-speed chase. 2007 WL 3227599, at *1. Harold G. Lee, Jr., a passenger in the fleeing vehicle, was shot and killed when an officer's gun accidentally discharged as he attempted to detain the driver. *Id.* In June 2002, Lee's estate filed a complaint in federal court, alleging federal claims under 42 U.S.C.[8] § 1983 and state law claims cognizable under Kentucky law. *Id.* Lee's minor children claimed loss of parental consortium. *Id.* In June 2004, the federal court granted summary judgment, dismissing the § 1983 claims with prejudice. *Id.* The court

---

[8] United States Code.

9

ultimately dismissed the state law claims without prejudice. *Id.* In April 2006, the United States Court of Appeals for the Sixth Circuit affirmed the district court. *Id.* In June 2006, four years after filing in federal court, the Estate and minor children filed the state law claims in state court. *Id.* The Estate argued that the minor children's claims should not be barred by the statute of limitations because the claims were tolled pursuant to KRS 413.170(1). However, the Kentucky Court of Appeals rejected this:

> The Estate contends that KRS 413.170(1) tolls the limitations period of a minor's state law claim until the minor reaches majority. Here, however, the children's claims were prosecuted on their behalf by their mother, as guardian and next friend. In light of the procedural history of this case, we are not persuaded that KRS 413.170(1) tolled the children's claims, and the Estate offers no other authority to support its position.

*Id.* at 3. First, *Tallman* is not binding over this Court as it is an unpublished Court of Appeals opinion. Second, due to the materially different procedural posture, we conclude that *Tallman* has no application to the present case and does not inform our analysis. We are unpersuaded that the Minor Children's claim should be barred by the statute of limitations because of *Tallman.*

Finally, had the Legislature intended to create an exception to KRS 413.170 by permitting the statute of limitations to bar a minor's claims when represented by a next friend, it could have expressly done so. *See* KRS 342.210 ("No limitation of time provided in this chapter shall run against any person who is mentally incompetent or who is a minor dependent so long as he has no committee, guardian or next friend, or other person authorized to claim compensation for him under KRS 342.160."); *Inland Gas Corp. v. Flint*, 269

10

S.W.2d 239, 239 (Ky. 1954) (In a workers' compensation case, "where an infant child is living with its mother, she becomes its next friend by operation of law for the purpose of prosecuting an action for recovery for the death of its father, and the statute of limitations is not suspended because of infancy under such conditions."). We acknowledge the policy concerns that this holding may, in some circumstances, be perceived as permitting parties to circumvent discovery rules. However, any such concerns are outweighed by the Court's obligation to safeguard a minor's substantive right to pursue his or her claims as set out by the Legislature.

Lastly, we also acknowledge that this was only one basis upon which the trial court granted summary judgment. As to the alternative ground, namely that a loss of consortium claim is an independent cause of action, the law is still unclear on whether such a claim is derivative of the underlying negligence or wrongful death claim. However, Mercy Regional EMS and Hendrickson did not appeal this issue. Thus, we cannot disturb the Court of Appeals' holding on the matter. Consequently, the Court of Appeals' conclusion that the negligence claim is wholly independent of the loss of consortium claim must stand, and it is the law of the case. *Missionaries of Saint John the Baptist, Inc. v. Frederic*, 727 S.W.3d 400, 410 (Ky. 2025). Therefore, on remand, the trial court must proceed accordingly and permit the Minor Children to establish the elements necessary to prove the underlying wrongful death claim in support of their loss of parental consortium claims.

11

### III. Conclusion

Based on the foregoing, we affirm the holding of the Court of Appeals. This case is remanded for further proceedings consistent with this opinion.

All sitting. Conley, Goodwine, Keller, Nickell and Thompson, JJ, concur. Bisig, J., dissents by separate opinion.

BISIG, J., DISSENTING: I respectfully dissent from the well-written Majority Opinion and would reverse the Court of Appeals and affirm the trial court. KRS 413.170(1) provides in pertinent part that the time for a minor to bring a claim is tolled until "the removal of the disability" of their minority. This Court has previously held that the "disability" referenced in the statute is the "general disability of . . . infancy as to the care of property and the safeguarding of rights." *Newby's Adm'r v. Warren's Adm'r*, 126 S.W.2d 436, 438 (Ky. 1939). Once a next friend pursues an action on behalf of a minor, the minor is no longer under the "disability" of being unable to care for property and safeguard rights. Indeed, that "disability" has been removed by virtue of the next friend's filing of a claim on the minor's behalf. Thus, I conclude that where, as here, a next friend pursues a claim on behalf of a minor, that minor is no longer under the "disability" of being unable to care for their property and rights, and thus the statutory tolling period set forth in KRS 413.170(1) is at an end. As such, I would find the minors' claims were not timely filed and therefore reverse the Court of Appeals and affirm the trial court's dismissal of those claims.

12

COUNSEL FOR APPELLANTS:

James A. Sigler
James P. Landry
Keuler, Kelly, Hutchins, Blankenship & Sigler, LLP


COUNSEL FOR APPELLEES:

D. Chad McCoy
McCoy & Hiestand, PLC

COUNSEL FOR AMICUS CURIAE,
KENTUCKY JUSTICE ASSOCIATION:

Kevin C. Burke
Jamie K. Neal
Burke Neal PLLC